338 P.2d 113

STATE of New Mexico ex rel. OIL CON-
SERVATION COMMISSION, Edwin L.
Mechem, Murray E. Morgan, A. L. Porter,
Jr., Members of said Commission, Texas
Pacific Coal & Oil Company, El Paso Nat-
ural Gas Company and Permian Basin
Pipeline Company, Relators,

v.

Hon. John R. BRAND, Judge of the Fifth
Judicial District of the State of New
Mexico, Respondent.

No. 6483.

Supreme Court of New Mexico.

April 15, 1959.

Fred M. Standley, Atty. Gen., Wm. J. Cooley, Oliver E. Payne, Sp. Assts. Atty. Gen., for relator Oil Conservation Commission.

Campbell & Russell, Roswell, for relator Texas Pacific Coal & Oil Co.

Cowan & Leach, Hobbs, Hardie, Grambling, Sims & Galatzan, El Paso, Tex., for relator El Paso Natural Gas Co.

Robert W. Ward, Lovington, Patrick J. McCarthy, Lawrence I. Shaw, Omaha, Neb., for relator Permian Basin Pipeline Co.

Atwood & Malone, Hervey, Dow & Hinkle, Howard Bratton, Roswell, Kellahin & Fox, Santa Fe, for respondent.

CARMODY, Justice.

This is a proceeding invoking our original jurisdiction by way of a writ of prohibition. The case was instituted in the name of the State of New Mexico on the relation of the Oil Conservation Commission and its members, and certain companies interested in sustaining an order of the commission. The respondent is The Honorable John R. Brand, District Judge of the Fifth Judicial District, and the proceeding seeks to prohibit him from receiving any evidence in a case involving an appeal from the Oil Conservation Commission other than the record as heard before the commission.

The Oil Conservation Commission held certain hearings involving the question of proration of gas production from the Jalmat Gas Pool in southern Lea County, New Mexico, and following the promulgation of the commission's final order with respect to proration, petitions for review were filed in the Lea County district court under the provisions of § 65–3–22(b), N.M.S.A.1953, by various operators who objected to the commission's order. These petitions for review, eight in all, named the commission and certain other operators as respondents. The cases were consolidated under one docket number in Lea County, and thereafter a pretrial conference was held. At the time of the original pretrial conference, the applicants for the review advised the court that they intended to offer evidence in addition to the record made before the

commission. The respondent advised these parties that they should notify their adversaries of the "gist of the testimony" and that the court on a second pretrial conference would advise counsel whether or not the evidence would be considered.

Prior to the second pretrial conference held on September 23, 1958, the applicants for review submitted what was termed an "offer of proof" and an amendment to the offer. This was considered by the trial court and, after hearing arguments from both sides, the court stated that the petitioners seeking the review would be permitted to offer proof which was not available to the commission, in order that he might determine whether or not the order of the commission was proper and reasonable and whether or not, in view of later developments after the order, a determination could be made affecting the invalidity, unreasonableness or capriciousness of the order in not protecting the correlative rights in the property. Following this announcement by the respondent, the relators, after proper petition to this court, obtained an alternative writ of prohibition.

The case has been extensively briefed by attorneys for the relators and respondent, and is before us for determination on two questions, first, whether the writ of prohibition should be made absolute on the ground that the respondent is about to exceed his jurisdiction, and, second, that if the respondent is held to be within his jurisdiction, whether we should not prohibit, in the exercise of our superintending control over district courts, to prevent error reasonably calculated to work irreparable mischief, great, extraordinary and exceptional hardship, costly delays, and highly unusual burdens of expense. The relief sought will be taken up and considered in the above order.

 With respect to relators' right to prohibit, it appears without question that the trial court has jurisdiction of both the parties and subject matter. This is admitted by relators. However, they seriously contend that if respondent allows the admission of the evidence, that it will represent the exercise of an excess of jurisdiction. We feel that this contention is directly answered in State ex rel. Transcontinental Bus Service v. Carmody, 1949, 53 N.M. 367, 208 P.2d 1073, and in various other cases, including but not limited to State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court of Eighth Judicial District, 1934, 38 N.M. 451, 34 P.2d 1098. Here, the proposed action, if taken by respondent, would not be void or subject to collateral attack, but would merely be a matter which could be reviewed by this court on appeal.

Referring to State ex rel. St. Louis, Rocky Mountain & Pacific Co. v. District Court of Eighth Judicial District, supra, but making very slight changes in order to

fit the particulars of this case, we will paraphrase a part of former Chief Justice Watson's opinion, as follows:

The fact that the district court may be about to decide matters wrongly is of no concern of ours when merely investigating the jurisdiction, nor is it material that we might on review be compelled to reverse the case.

It might be convenient, in this case as in many others, to stop proceedings as soon as it appears that there is a substantial error about to be committed. Such is not the policy of our law. Such a system might develop delays and other inconveniences offsetting entirely the advantages often suggested for it.

Therefore, we do not believe that the present case is one calling for our writ of prohibition for want of jurisdiction in the respondent to follow the course of action which he has announced.

This leaves for decision whether or not we should issue the writ in the exercise of our superintending control reposed in us by N.M. Const. art. 6, § 3.

Without setting forth the same at length, the statute, § 65–3–22(b), provides that the trial upon the appeal from the commission "shall be de novo" with the transcript of the hearings before the commission being made admissible in whole or in part subject to legal objections, and further that the evidence "may include evidence in addition to the transcript of proceedings." By the same section, the district court is directed to determine the issues of law and fact upon a preponderance of the evidence and to enter its order either affirming, modifying or vacating the order of the commission.

We thus have a controversy relating specifically to the powers and duties of courts when considering appeals from administrative tribunals. The relators contend that the de novo and additional evidence provisions are an unlawful delegation of power and violate the basic theory of separation of powers between the legislative, executive and judicial branches of government; that the courts cannot constitutionally be required to review de novo any administrative action that is deemed nonjudicial, such as in this case, proration of gas. On the contrary, the respondent maintains that the provisions of the statute are not an unconstitutional delegation of a legislative function and that the statute should be read as it stands, allowing the court to arrive at an independent determination of the issues involved, giving due deference, of course, to the fact that the action of the commission is deemed prima facie valid.

Relators strenuously assert that unless this court intervenes, they will be subjected to great expense in order to combat the proposed testimony to be submitted by those.

seeking the review in the district court, including the making of additional tests and measurements, and that the cost of preparing this evidence will exceed the sum of $20,000; they also point out that the testimony already adduced before the commission is in the neighborhood of a thousand pages together with seventy-five exhibits, and that the record which will be received in the district court in addition to the commission testimony will be extensive by reason of the fact that the case is expected to last about three days; they also say that the delay will be costly and that if the court receives the proposed testimony, of necessity an appeal to this court will result, with attendant costs for the preparation of the entire transcript on appeal.

In opposition, respondent points out that the original order of the commission is now in effect and that relators will be in nowise prejudiced because this is the very order which relators seek to have sustained; that the cost of the transcript of testimony taken before the commission is a relatively small item because the same can be stipulated to, in order to present the same to the supreme court should the case be appealed; and that actually there is very little more to this case than an ordinary lawsuit involving one or more controversial questions.

It might be considered that it is perhaps poetic justice that the writer of this opinion was rather closely connected to the case of State ex rel. Transcontinental Bus Service v. Carmody, supra. In that case, this court exercised its superintending control for at least some of the same reasons as are now argued by relators, including the matter of possible delay and costs on appeal. However, the net result of the aforementioned decision was that that litigation became, if possible, even more involved, costly and considerably delayed than it would have otherwise. See Transcontinental Bus System v. State Corporation Commission, 1952, 56 N.M. 158, 241 P.2d 829. In the instant case, there is no apparent reason why the case could not be tried in the district court and, even if appealed, disposed of within a reasonable time.

■ Much as we appreciate the position taken by the relators and the fact that, at least for the moment, it might seem that it would be better for this court to render an opinion determining what may or may not be considered in a judicial review from the Oil Conservation Commission, it is not felt that relators' remedy by appeal is so inadequate as to warrant our exercising the power of superintending control. It does not appear to us that irreparable mischief will result, nor is there any great, extraordinary or exceptional hardship involved insofar as relators are concerned, any more so than might exist if the situation as to parties were reversed. It should be mentioned that, by reason of the seriousness of the question involved, it is reason-

able to expect that there will be an appeal to this court, no matter who is successful in the court below. It would appear that there may be some delay which, as relators claim, will be costly; however, a great deal of the delay, thus far at least, is by reason of the institution of this particular proceeding. So also there may be some fairly unusual burdens of expense which will have to be borne by relators, but these are items which, though unfortunate, are frequently a necessary adjunct to litigation of the type here involved. Compare State ex rel. Transcontinental Bus Service v. Carmody, supra, 53 N.M. at page 378, 208 P.2d at page 1080, which sets forth the general grounds under which this court will exercise superintending control.

We have not mentioned it before, but the respondent herein is a trial judge of broad experience and well recognized ability and he has specifically stated for the benefit of counsel with respect to the proposed proof that the relators will not be precluded from objecting to the proof when offered and also that the respondent as the court is not precluded from sustaining relators' objection. The trial judge will now have the full benefit of the thorough briefing and analysis of the authorities presented here, and, although we cannot and do not anticipate what the final ruling of the respondent may be, it is not outside the realm of speculation that relators might be agreeably surprised in the actual trial.

We believe that the rights of all of the parties will be protected and that it will make for a more orderly administration of justice to allow the case to proceed to trial, reserving unto this court on appeal, if the same is taken, any questions with respect to the points raised in this action.

From what has been said, therefore, the alternative writ of prohibition will be discharged as improvidently issued, and it is so ordered.

LUJAN, C. J., SADLER and COMPTON, JJ., and EDWIN L. SWOPE, D. J., concur.

McGHEE, J., not participating.