### 18125

The STATE, Respondent, v. David WHITE, Appellant

(133 S. E. (2d) 320)

*Messrs. Jenkins & Perry,* of Columbia, *for Appellant,*

*Messrs. Daniel R. McLeod, Attorney General,* and *E. N. Brandon, Assistant Attorney General,* of Columbia, and *R.*

*Kirk McLeod, Solicitor,* of Sumter, *for Respondent,* 

November 19, 1963.

TAYLOR, Chief Justice.

Two young ladies, employees of the State Board of Health, were in Kingstree, South Carolina, for the purpose of putting on a puppet show in the elementary schools in Williamsburg County in conjunction with the dental health program of the schools. They were staying together in a motel on the night of November 28, 1961, when awakened by a Negro man holding a knife at the throat of one of the ladies. Both were forced to disrobe and the assailant carnally assaulted each while the other was locked in a closet.

The Appellant was identified by one of the ladies as the assailant and his fingerprints were found on her pocketbook. He was tried and convicted in the Court of General Sessions for Williamsburg County of the charge of rape and sentenced to death as provided by law.

Prior to trial, two able members of the Williamsburg County Bar were appointed to represent the defendant. Upon conviction, notice of intention to appeal was filed; and this Court appointed the present attorneys of record to represent Appellant in his appeal.

After the appointment of counsel of record, this Court, upon motion of counsel, issued an Order granting Appellant permission to move in the Circuit Court for a new trial upon after-discovered evidence. Such motion was denied

after hearing by Order of the Honorable Steve C. Griffith, dated March 9, 1963.

Subsequent thereto, an additional motion for a new trial was made upon the ground that Appellant was not represented by an attorney at the Preliminary Hearing. This motion was denied June 18, 1963, by Order of the Honorable James Hugh McFaddin. Both Orders have been made a part of the record and now before this Court.

The fact that Appellant was not represented by counsel at the Preliminary Hearing is not in dispute. As provided by Section 43-232, Code of Laws of South Carolina, 1962, Appellant requested the Preliminary Hearing in writing and the same was held February 16, 1962. At that time, Appellant made no plea or statement. The Magistrate ordered that Appellant be held for Grand Jury investigation.

Appellant now contends the Court erred in refusing to grant a new trial on the ground he was not represented by counsel at the Preliminary Hearing, relying on *Hamilton v. State of Alabama,* 368 U. S. 52, 82 S. Ct. 157, 7 L. Ed. (2d) 114; and *White v. State of Maryland,* 373 U. S. 59, 83 S. Ct. 1050, 10 L. Ed. (2d) 193.

In Hamilton the petitioner was not represented by counsel at arraignment. The Supreme Court held that arraignment is a "critical step" in Alabama criminal proceedings and that the denial of counsel at such time requires reversal of conviction even though no prejudice was shown.

In White the petitioner entered a plea of guilty at a Preliminary Hearing while not represented by counsel. Upon arraignment, while represented, he pleaded not guilty and not guilty by reason of insanity. During trial the plea of guilty made at the Preliminary Hearing was introduced in evidence. The Supreme Court in reversing the conviction held that although it was not necessary for Appellant to enter a plea at the Preliminary Hearing the fact that Appellant did so makes the Preliminary Hearing in the *White case* as "critical" a stage as arraignment in the *Hamilton case.*

In South Carolina, the Preliminary Hearing serves the purpose of determining whether the State can show probable cause and such hearing can only be requested by one charged with crime, and he is not permitted to plead or even make a sworn statement. If he chooses to make an unsworn statement, he may do so; but it can in nowise be used against him thereafter. The burden being upon the State to show probable cause, the defendant is not permitted to offer any evidence but may cross examine the State's witnesses fully and such evidence is not admissible in any subsequent proceedings. Appellant, therefore, has not been denied due process of law, as a Preliminary Hearing under South Carolina criminal procedure is not a "critical" stage of the proceedings and may be waived by failure to request same in writing 10 days before Court. *State v. Irby,* 166 S. C. 430, 164 S. E. 912.

The argument that Appellant's interrogation of one of the witnesses at the Preliminary Hearing enabled a witness to identify Appellant by his voice is without merit. Any cross examination of witnesses by Appellant at the Preliminary Hearing was voluntarily made; and if such formed the basis of testimony tending to establish Appellant's identity, it would be competent. *State v. Taylor,* 213 S. C. 330, 49 S. E. (2d) 289, 16 A. L. R. (2d) 1317. Further, Appellant's fingerprints were found on the pocketbook and he was positively identified by one of the ladies assaulted.

Appellant did not testify in his own behalf and his counsel after the jury had been excused at the end of the trial Judge's charge for the purpose of hearing such requests as counsel might wish to make concerning the charge, stated: "I have one request, Your Honor. I wonder if Your Honor would charge the jury on the failure of the defendant to take the stand." This request was refused on the ground that to call attention to it "would be perhaps more prejudicial than not."

South Carolina, like many of the States, has the Constitutional provision that "[n]o person * * * shall be compelled in any criminal case to be a witness against himself." Art. 1, Sec. 17, Constitution of South Carolina, 1895. Section 26-405, Code of Laws of South Carolina, 1962, provides: "In the trial of all criminal cases the defendant shall be allowed to testify if he desires to do so, and not otherwise, as to the facts and circumstances of the case * * *." This Court has said:

"* * * To our minds, these two provisions—one of our constitution and the other of our statute law—look to an absolute freedom of defendants, in criminal cases, as to testifying. The former indicates that such a one shall not be forced to testify, while the latter is purely permissive, provided he chooses to do so. This being the case, it almost of necessity follows that nothing shall result to his prejudice from a failure to testify." *State v. Howard,* 35 S. C. 197, 14 S. E. 481.

The precise question of whether it is error, after request is made, to refuse to charge the jury that the failure of an accused to testify in his defense could not be considered against him has not heretofore been before this Court. Unless such an instruction is requested, the Court need not charge the jury with respect to the failure of accused to testify. 23A C. J. S. Criminal Law § 1325(5), p. 846, citing in support *State v. King,* 158 S. C. 251, 155 S. E. 409, and *State v. Cox,* 221 S. C. 1, 68 S. E. (2d) 624.

In *State v. King,* 158 S. C. 251, 155 S. E. 409, the Appellant did not testify and the Court did not charge the jury his failure to testify should not operate against him. There was no request for such instruction and this Court said: "There is no doubt the instruction [should be] given if requested. It is our view, however, that, in the absence of a request therefor, it was no error on the part of the trial judge in his failure to give it."

In *State v. Cox,* 221 S. C. 1, 68 S. E. (2d) 624, we find the following language: "It is true that the jury was not instructed that no adverse inference could be drawn against appellant by reason of his failure to testify, but in the absence of a request to that effect, there was no error in failing to give such an instruction. *State v. King,* 158 S. C. 251, 155 S. E. 409. It is also exceedingly doubtful whether such an instruction would have been of any aid to appellant."

In *Becher v. United States,* 5 F. (2d) 45, 2 Cir., the trial Judge in his charge mentioned the fact the accused had not taken the stand; however, he instructed the jury that no inference of guilt could be drawn from this. The Second Circuit Court of Appeals stated: "It is no doubt better if a defendant requests no charge upon the subject, for the trial judge to say nothing about it; but to say that when he does, it is error, carries the doctrine of self-incrimination to an absurdity." And in *Swenzel v. United States,* 22 F. (2d) 280, 2 Cir., we find: "Undoubtedly to say anything about the failure of a defendant to testify tends to keep that prejudicial consideration before the jury. If it is better, as this Court has said, not to mention it unless requested, how can it be error not to deal with it, even if requested? It would seem strange that the request of a defendant, or his counsel, could make a charge compulsory which a court holds it better practice in general not to give."

In *Johns v. State,* 14 Wis. (2d) 119, 109 N. W. (2d) 490, the Wisconsin Court quoting from *People v. Provost,* 144 Mich. 17, 107 N. W. 716, gives the following summary on the subject (after considering the various statutes) :

" '1. It is not error for the court on its own motion to give such a charge as was requested in this case.

" '2. That the court is not required to give such a charge, in the absence of a request so to do.

" '3. That, where such a request to charge has been made, it is error to refuse to give it.' "

There is a division of opinion among the bench and bar whether such an instruction is favorable to an accused. It

is generally believed such instruction might do more harm than good in directing the jury's attention to the failure of accused to testify.

However, in *United States v. Garguilo,* 310 F. (2d) 249, 2 Cir., the Court said:

"It is far from clear that such an instruction is prejudicial to a defendant; the chances are rather that it is helpful. The jurors have observed the defendant's failure to take the stand; in the absence of instruction, nothing could be more natural than for them to draw an adverse inference from the lack of testimony by the very person who should know the facts best."

In *Bruno v. United States,* 308 U. S. 287, 60 S. Ct. 198, 84 L. Ed. 257, the U. S. Supreme Court dealt with a Federal statute but the conclusion was that an accused person has the right to have the trial Court instruct the jury that his failure to take the witness stand and testify in his own behalf does not create any presumption against him, and upon his request the Court must give that instruction. See annotation 84 L. Ed. 261.

For the foregoing reasons, the verdict and sentence appealed from is reversed and the case remanded to the Court of General Sessions of Williamsburg County for a new trial. Reversed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.