**John A. OLGUIN, Appellant,**

v.

**Harold A. COX, Warden, New Mexico Penitentiary, Appellee.**

**No. 8323.**

United States Court of Appeals
Tenth Circuit.

Jan. 24, 1966.

Roy E. Williams, Birmingham, Ala., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen. (Boston E. Witt, Atty. Gen., on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

PER CURIAM.

Appellant, who is incarcerated in the New Mexico State Penitentiary, appeals from a denial of his petition for a writ of habeas corpus.

The record before us shows that Olguin and his brother-in-law, James Herrera, were charged jointly by information with the armed robbery of a liquor store. They were tried together before a jury, convicted and each was given a sentence of 3 to 25 years.

■ Appellant's petition filed in the court below alleged in substance that (1) he did not have an attorney at his arraignment, (2) he was held for a period of 40 days before being arraigned and without the benefit of an attorney during that time and (3) he was held in custody for 4 months before he was given a preliminary hearing. On these issues the matter proceeded to an evidentiary hearing before the district judge. Appellant took the witness stand and among other things testified that a statement made by his codefendant Herrera to the investigating officers was used as evidence in the joint trial. The trial judge denied the writ and from the findings of fact and conclusions of law entered it is apparent that he properly considered only the issues raised by the petition and gave no consideration to the use of the codefendant's statement as an issue in the case.

■ Now, for the first time and as the sole ground for reversal, appellant attacks the use of the Herrera statement in the joint trial. It should be noted that there is no evidence in the record to show that the statement was involuntary or coerced and the circumstances of its admission at the trial are not disclosed. Even if we determined that the issue was properly presented here we have no evidentiary basis from which we could decide the issue. Therefore, we must agree with appellee and hold that the issue is not properly presented here. .

■ We have carefully considered the whole record before us and without difficulty conclude that the trial court under the decisions of the New Mexico Supreme Court and recent decisions of this court correctly denied the writ. Whatever defects that may have existed in the proceedings prior to arraignment and trial were waived by the appellant in the absence of a showing of prejudice to him by reason of such defects.[1] We are unable to find any such prejudice.

Affirmed.

---

1. Pearce v. Cox, 10 Cir., 354 F.2d 884, and cases cited therein.