**James J. HERRERA, Appellant,**

v.

**Harold A. COX, Warden, New Mexico State Penitentiary, Appellee.**

**No. 8546.**

United States Court of Appeals Tenth Circuit.

March 30, 1966.

Henry Heyman, Santa Fe, N. M., for appellant.

L. D. Harris, Sp. Asst. Atty. Gen., Albuquerque, N. M. (Boston E. Witt, Atty. Gen. of New Mexico, Santa Fe, N. M., on the brief), for appellee.

Before LEWIS, BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant is a prisoner in the New Mexico State Penitentiary, having been tried and convicted by a jury for the crime of armed robbery. The trial court

held a hearing on the petition, found no violation of appellant's rights under the United States Constitution, and dismissed the petition.

This appellant was tried by the state court with a codefendant by the name of John A. Olguin. We considered and affirmed a denial of a petition for habeas corpus filed by the codefendant in Olguin v. Cox, Warden, 355 F.2d 479 (10th Cir., January 24, 1966).

The record indicates that appellant was arrested on December 13, 1960, about an hour after the robbery with which he was charged and was jailed. Appellant testified at the hearing before the United States District Court that he was given a preliminary hearing on January 27, 1961, but did not elaborate thereon nor does the record indicate the details of this hearing. In appellant's petition for habeas corpus which is here considered, the petitioner states that he was not taken before a Justice of the Peace or committing magistrate until January 27, 1961. He further states that he did not have a preliminary hearing until April 13, 1961, and that this constituted a violation of his constitutional rights. The record contains the transcript of the preliminary hearing held before a Justice of the Peace on April 13, 1961. This hearing was for both the appellant and the codefendant Olguin. The appellant was represented at this hearing by an attorney who had been appointed for him. Apparently counsel had been appointed at the time of the previous hearing of January 27. The appellant entered pleas of not guilty at both hearings. He also pleaded not guilty at the arraignment of March 20, 1961, and was tried before a jury in April 1961. At all pertinent times appellant was represented by counsel.

The only issue presented on this appeal is whether or not the appellant is entitled to relief by reason of the delay which elapsed between the time of his arrest and the time of the preliminary hearing. The only hearing for which a transcript appears in the record is the hearing of April 13, 1961, which was held some four months following the arrest of the appellant. It is recognized however that a hearing of an undisclosed nature was held prior to that date.

Appellant asserts that he is entitled to relief solely by reason of the delay since thereby the Justice of the Peace had lost jurisdiction at the time he purported to act. There is no allegation or assertion that any prejudice resulted from the delay. The issue is thus presented on a jurisdictional-constitutional basis arising from the delay alone.

Under the decisions of the New Mexico Supreme Court as represented by State v. Vaughn, 74 N.M. 365, 393 P.2d 711, there appears to be no question but what the state district court had jurisdiction by reason of the filing of the information against the appellant in that court. This jurisdiction included the power to inquire into prior proceedings, and if necessary to remand the proceedings to the magistrate. As the record indicates, the appellant with representation by counsel entered a plea before the district court and went to trial without objecting to the delay which had ensued since his arrest. Under Rice v. Olson, 324 U.S. 786, 65 S.Ct. 989, 89 L.Ed. 1367, and Carnley v. Cochran, 369 U.S. 506, 82 S.Ct. 884, 8 L.Ed.2d 70, this was not silence alone. Appellant, at the very least, entered a plea of not guilty and proceeded to trial. This constituted a waiver of any objections that he then could have raised on this particular point in the absence of the assertion of any prejudice. Robinson v. Cox (No. 8322, Tenth Circuit, January 27, 1966).

Thus it is established that the state district court had jurisdiction over the defendant, and no issue of constitutional proportions appears. We agree with the United States District Court that the petition should be dismissed, and its dismissal is therefore affirmed.