Alvin T. ALLEN, Petitioner,

v.

Ellis C. MacDOUGALL, as Director of the State Board of Corrections of the State of South Carolina, Respondent.

Civ. A. No. 67–98.

United States District Court
D. South Carolina,
Columbia Division.

May 11, 1967.

838

Alvin T. Allen, pro se.

Daniel R. McLeod, Atty. Gen., and Edward B. Latimer, Asst. Atty. Gen., Columbia, S.C., for defendant.

SIMONS, District Judge.

Petitioner is before the court in forma pauperis seeking a Writ of Habeas Corpus. He is currently serving a sentence in gross of twelve years in the South Carolina Penitentiary after he was tried and found guilty of housebreaking, larceny, and safecracking (with recommendation to mercy) in the Court of General Sessions for Chester County, South Carolina.[1] He did not appeal from this conviction. Petitioner now alleges that his confinement by the State of South Carolina is violative of his rights under the Constitution in the following respects:

1) He was not guilty;

2) He was denied the right to a preliminary hearing;

3) He was not informed of nor did he know the charges against him;

4) He was arrested, indicted, and tried within a period of five days. This short period of preparation for trial denied him a trial that was fair and impartial, or was per se a due process violation;

5) His appointed attorney was not afforded sufficient time for the preparation of his defense;

6) The indictment was faulty in that his name was not on it when it was considered by the grand jury, but was added by arresting officers after the grand jury had been dismissed;

7) The sentence was erroneous because it was in gross instead of being separate as to each of the charges; and,

8) He was convicted without any evidence of his guilt other than a co-defendant's testimony, an admitted accomplice.

This court has jurisdiction under Title 28 U.S.C.A. §§ 2241–to–2254. Petitioner has exhausted all available state post-conviction remedies available to him as required by Section 2254, supra, ending with an appeal to the South Carolina Supreme Court, Allen v. MacDougall, 151 S.E.2d 863 (S.C.1966). The Supreme Court affirmed the lower court which afforded a full evidentiary hearing and discharged the writ. Petitioner is now properly before this court. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

By order of this court respondent was required to show cause why the Writ should not be granted, and he had made his Return thereto incorporating therein as exhibits photographic copies of all records considered by the State Habeas Court and the South Carolina Supreme Court, including the entire Transcript of Record and Briefs on appeal to the Su-

---

1. The range of sentences for such offenses under South Carolina Law is as follows:

| OFFENSE | APPLICABLE CODE SECTION OF 1962 SOUTH CAROLINA CODE OF LAWS | MINIMUM SENTENCE | MAXIMUM SENTENCE |
| --- | --- | --- | --- |
| Housebreaking | 16–332 | None | 5 years |
| Larceny | 17–552 | 3 Months | 10 years |
| Safecracking | 16–337 | 10 years | Life |

preme Court.[2] In addition, this court required respondent to produce a copy of the preliminary and sentencing portions of petitioner's trial transcript in the State General Sessions Court which were thought to have some relevancy to the issues raised in petitioner's petition.

I have concluded that there is no necessity for a further evidentiary hearing in this court, as I find the record before me to be entirely adequate in order to deal with all the issues raised properly by petitioner's petition. Mullen v. Boslow, Memorandum Opinion of Fourth Circuit, No. 10,850 filed August 24, 1966.

A thorough study of the records of all proceedings in the State Courts compel the following findings and conclusions:

The South Carolina Supreme Court summarized the evidence in the state habeas hearing as follows in regard to petitioner's contention that the indictment was faulty in that his name had been inserted by the arresting officers after the grand jury had returned the indictment against his co-defendant Flenniken alone: Petitioner was arrested on June 19, 1964. He was indicted on June 22nd, and tried on June 25th and 26th, 1964. The indictment was originally drawn against one Kenneth Flenniken alone; before it was handed to the grand jury the name of the petitioner, Alvin T. Allen, was added by the solicitor in his handwriting after the name of Flenniken throughout, and in each count of the indictment. In the state hearing, respondent offered the original indictment, and testimony of the Clerk of Court, the Sheriff, and counsel who had represented petitioner at the trial. The state courts found that the reason why Flenniken's name alone appeared on the indictment as originally drawn was that petitioner could not be located at that time, and that when he was finally located and arrested his name was inserted by the solicitor after that of Flenniken on the indictment; found that both names were on the indictment when it was handed to the grand jury; found that the indictment was not challenged at the trial and affirmed the lower court's dismissal of petitioner's contention as being without merit. Petitioner presented no evidence in support of his contention at the state hearing.

The record before me reveals that the South Carolina Supreme Court's foregoing summary is completely accurate. I therefore defer to the state courts' findings and likewise conclude as a matter of law that there was no defect in the indictment charging petitioner with the offenses of which he was convicted.

All of petitioner's assertions in regard to the short period between his arrest and trial, summarized hereinabove as his contentions, numbered 2 through 5, were also considered by the state courts and developed in the state habeas hearings. The South Carolina Supreme Court disposed of these contentions as follows:

"Prior to and during his trial in the Court of General Sessions for Chester County appellant was represented by counsel retained in his behalf, who had been engaged in the practice of law in Chester since 1935 except for absence in service during World War II, and whose competence at a trial lawyer appellant does not question. This attorney testified at the hearing on the writ, substantially as follows: That no request for a preliminary hearing was made; that had the case been continued to the next term, which was to be in October, appellant would have

2. Included also in the Return were: Statement of case, petition for Writ of Habeas Corpus before State Court; Order to Show Cause by State Court dated March 5, 1965; Return thereto by the State; Petitioner's S. C. Penitentiary record; Judge Gregory's Commitment Sentence dated June 26, 1964; Petitioner's prior criminal record as reflected by F.B.I. files; Arrest Warrant; Indictment; Transcript of Testimony and Proceedings on petitioner's hearing for Writ before State Court on March 13, 1965. Judge Grimball's Orders denying Writ dated March 30, 1965 and April 9, 1965; Briefs of Appellant (Petitioner) and Respondent; Opinion of the S. C. Supreme Court filed December 13, 1966, affirming Judge Grimball's denial of the Writ.

had to remain in jail during the intervening three months as he could not furnish bail; that as appellant's counsel he had, with the permission of the prosecution, talked with the State's witnesses including appellant's co-defendant Flenniken; that he had also talked with several persons whom appellant had suggested as possible witnesses in his behalf, but who were in fact witnesses for the State; that in the light of the information thus obtained he had conferred with appellant and informed him of the evidence, including that of Flenniken, implicating him; that in fact appellant had no defense except his own denial that he had participated in the crime; that in these circumstances witness was of the opinion that he had had sufficient time to prepare for trial, and that he had so advised appellant; and that he recalled that after discussing the matter fully appellant had agreed that no motion for continuance should be made, and that they should proceed to trial.

"Appellant's testimony to the effect that the only occasion on which he discussed his case with his counsel was a period of thirty minutes or an hour on the day before his trial is squarely contradicted by the testimony of his counsel to which we have referred. It is also contradicted by that of Mr. B. R. Peake, a South Carolina Law Enforcement Division (SLED) agent of twenty years' experience, who testified that on June 22, three days before the trial, he had conferred with appellant and his counsel, at the latter's request, explaining the extent of the evidence against appellant.

"The evidence before Judge Grimball fully supported his conclusion that appellant had been properly and competently represented by counsel at his trial. That no preliminary hearing was held did not constitute denial of due process. State v. White, 243 S.C. 238, 133 S.E.2d 320."

The foregoing factual determinations and conclusions drawn therefrom are fully supported by the record before this court.[3]

Another of the errors that petitioner asserted in the South Carolina Supreme Court was that he was denied a transcript of the original trial. The Court found that when petitioner made a request for the transcript, the state habeas judge in denying the request stated that he would stop the hearing and let petitioner take an appeal from such denial. Petitioner stated personally to the court that he wished to proceed with the hearing. The Supreme Court found that petitioner had waived his right to a copy of the transcript, if there was such a right, by his election to have the hearing proceed. The Court further concluded that such transcript was neither necessary or pertinent to the hearing. Although petitioner did not allege such a denial of the trial transcript as a ground in this habeas hearing, he has written the court requesting that he be furnished his trial transcript or those parts dealing with his habeas petition. As hereinabove pointed out the court by its own order has obtained such portions of the trial transcript as may possibly be relevant to the issues set forth in petitioner's petition, from which the following appears:

"MR. COLEMAN: The State is ready in the case No. 38, State vs. Alvin T. Allen indicted for housebreaking, grand larceny, and safe cracking. The defendant is in court and is represented by Mr. David Hamilton of the Chester Bar. The State is ready for trial.

"MR. HAMILTON: Your Honor, I have discussed this case with Mr. Allen whom I represent, and it was my intention to make a motion to continue the case, but I discussed it with him again this morning, and he advises me that he would rather go on to trial now. Is that right?

"DEFENDANT ALLEN: That is all right with me.

---

3. See testimony on direct and cross-examination of David L. Hamilton, privately employed counsel for petitioner appearing at pp. 71 through 77 of the transcript of the State Habeas Hearing.

"MR. HAMILTON: That is all right with you?

"DEFENDANT ALLEN: Yes, sir." This testimony further substantiates and corroborates the state courts' findings and conclusions above cited.

 Although it is acknowledged that petitioner should have been provided by the state with a complete copy of his trial transcript had he made a direct appeal from his conviction wherein he questioned the sufficiency of the testimony to substantiate his conviction, no such question was presented properly to the state habeas court, or to this court. Petitioner's contentions that he was not guilty, and that he was convicted without any evidence of his guilt other than a codefendant's testimony, an admitted accomplice, are questions which relate exclusively to the sufficiency of the evidence presented at trial against him and cannot be challenged through the medium of habeas corpus, but must be raised by direct appeal. Wilson v. State of Nebraska, 316 F.2d 84 (8th Cir. 1963); Grundler v. State of North Carolina, 283 F.2d 798 (4th Cir. 1960). Therefore there has been no prejudice to petitioner for failure of the state to provide him with a full trial transcript, and it is concluded that such is not necessary to a proper consideration and determination of the factual and legal issues properly before this court.

Petitioner was represented at trial by counsel who had represented petitioner on other occasions, who had been retained by a member of petitioner's family and whose competence petitioner expressly does not contest.[4] It is quite obvious from above quotation from the trial transcript and from the uncontradicted evidence in the state habeas hearing that petitioner was fully conscious of the fact that his case could be continued if he so desired; and further that he knew and understood the charges against him, and that he and his counsel were in fact prepared and ready for trial. This case in no way comes within the rule of Martin v. Commonwealth of Virginia, 365 F.2d 549 (4th Cir. 1966).

 As to petitioner's contentions that he was denied the right to a preliminary hearing it is well established that a preliminary hearing is not a critical stage of the proceedings against a defendant, and may be waived by the failure to request such in writing. State v. White, 243 S.C. 238, 133 S.E.2d 320 (1963); State v. Irby, 166 S.C. 430, 164 S.E. 912 (1932). In the absence of such a request for a preliminary hearing or in the absence of a motion to continue petitioner's trial then such objections, if there could be any,[5] were waived. Herrera v. Cox, 358 F.2d 942 (10th Cir. 1966). Thus the fact that petitioner did not have a preliminary hearing is not a denial of due process in any event.

 In regard to petitioner's contention that the sentence of twelve years imposed upon him was erroneous because it was in gross instead of being separate as to each of the charges, the Supreme Court held that the sentence was within the maximum that petitioner could have been sentenced separately on one or more counts of the indictment; therefore such did not constitute jurisdictional error. Copeland v. Manning, 234 S.C. 510, 109 S.E.2d 361; Ex Parte Klugh, 132 S.C. 199, 128 S.E. 882. I must also conclude that this state procedure of sentencing does not raise a federally cognizable question of deprivation of due process or denial of equal protection of the laws under the Fourteenth Amendment. Linton v. Cox, 358 F.2d 859 (10th Cir. 1966). Petitioner has been denied no procedure required by state law.

Relevant and material facts pertaining to petitioner's grounds for a Writ of

---

4. Petitioner's counsel, Mr. Hamilton, is well known to the court as a very competent and able trial attorney with many years experience.

5. A defendant in state court is not entitled to a preliminary examination by virtue of a federal constitutional right. Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965), cert. den'd Charlton v. Cox, 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 685 (1966).

Habeas Corpus properly before the state courts and this court were adequately developed during the state court hearings, and the procedures used at such hearings were adequate. The factual determinations and conclusions of the state courts are fairly and fully supported by the record as a whole and the evidence bearing on petitioner's constitutional and federally protected rights has been developed fully by the state courts. The pertinent facts of the record are not in dispute and neither show nor give rise to any reasonable inference that petitioner was denied due process of law or that he suffered deprivation of any of his constitutional rights. The record as a whole discloses fully that petitioner received a full, fair and complete adjudication of all issues raised properly in his petition, and that the state courts have applied correct standards of federal law to their findings of fact, conclusions and opinions.

For the foregoing reasons the petition for a Writ of Habeas Corpus must be dismissed and the relief prayed for denied.

And it is so ordered.