459 P.2d 145

E. H. WILLIAMS, Jr., Juvenile and District Attorney of the Third Judicial District of the State of New Mexico, Petitioner,

v.

Honorable E. Forrest SANDERS, Juvenile and District Judge of the Third Judicial District of the State of New Mexico, Respondent.

No. 8846.

Supreme Court of New Mexico.

Sept. 22, 1969.

E. H. Williams, Jr., Las Cruces, for petitioner.

J. D. Weir, R. R. Regan, Garland, Martin & Martin, Las Cruces, for respondent.

## OPINION

MOISE, Justice.

In four juvenile court cases in Dona Ana County wherein four individual juveniles have been charged with unlawful sale of marijuana, contrary to § 54–7–14, N.M.S.A. 1953, an act which would be a felony if committed by an adult, the respondent, sitting as judge of the juvenile court, has ordered that each of the juveniles should be given a preliminary hearing before being tried by jury to determine whether they should be adjudged to be juvenile delinquents under the juvenile code (§§ 13–8–19 to 13–8–73, N.M.S.A. 1953).

Asserting a total absence of any provision in the juvenile code or any constitutional requirement for a preliminary hearing prior to a trial by jury to which the juveniles are entitled under our decision in Peyton v. Nord, 78 N.M. 717, 437 P.2d 716 (1968), the petitioner here seeks an order prohibiting the judge from holding the preliminary hearings in juvenile court. We issued our alternative writ, a response has been filed, the case has been fully briefed and argued, and the matter is now ripe for decision.

At the outset we note that the juvenile court has jurisdiction over the parties and the subject-matter being considered by it. Nevertheless, the procedure here adopted has been followed by us through the

invoking of our superintending control over inferior courts (art. VI, § 3, N.M.Const.) in cases where the remedy by appeal has been deemed inadequate, or where irreparable mischief; great, extraordinary or exceptional hardship; costly delay, and unusual burdens of expense would probably result. See State ex rel. Anaya v. Scarborough, 75 N.M. 702, 410 P.2d 732 (1966), and cases cited therein. The right to a preliminary hearing is not discretionary with the judge. A person is either entitled to it as a matter of law, or not at all. In this respect the situation here is not unlike that present in State v. Tackett, 78 N.M. 450, 432 P.2d 415, 20 A.L.R.3d 1 (1967), where we accepted jurisdiction and made permanent a writ prohibiting the trial judge from ruling that as a matter of law certain defendants were entitled to see and examine particular material contained in the district attorney's file, as well as the testimony of witnesses before the grand jury. Grounds for so proceeding are considered to be present under the facts of the instant case. However, we limit our decision to the specific issue presented, and do not feel moved to make pronouncements as requested by petitioner on other problems which have arisen or which he anticipates will arise in the future in connection with proceedings in juvenile court.

■ Concerning the question presented, we give a direct and brief answer. The proceeding in juvenile court is not strictly criminal in its nature, and the fact that we have held that a jury trial must be utilized to determine the facts when put in issue does not make it criminal. Neither do we understand that it has ever been held that a preliminary hearing is necessary in order that due process be accorded in juvenile proceedings—if, indeed, it is required in criminal cases, except under particular constitutional or statutory provisions.

The right to a preliminary hearing is guaranteed by the express language of art. II, § 14, N.M.Const., to persons "held to answer for a capital, felonious or infamous crime" on information filed by a district attorney. It reads:

"No person shall be held to answer for a capital, felonious or infamous crime unless on a presentment or indictment of a grand jury or information filed by a district attorney or attorney general or their deputies, except in cases arising in the militia when in actual service in time of war or public danger. No person shall be so held on information without having had a preliminary examination before an examining magistrate, or having waived such preliminary examination."

In those cases in New Mexico where complaint and information are utilized in lieu of indictment, the preliminary hearing has been held to be a critical stage of the criminal process for purposes of applying the right-to-counsel provision of the Sixth Amendment to the United States Constitution. Pearce v. Cox, 354 F.2d 884, 890 (10th Cir. 1965), cert. denied, Charlton v. Cox, 384 U.S. 976, 86 S.Ct. 1869, 16 L.Ed.2d 685 (1966); State v. Vaughn, 74 N.M. 365, 393 P.2d 711 (1964). It was so held because it was believed the accused needed the assistance of an attorney in cross-examining state's witnesses whose recorded testimony could, under certain circumstances, be received in evidence at trial. Pearce v. Cox, supra. We do not read this case to mean, however, that a preliminary hearing is an essential prerequisite to a guilt-determining process which comports with fundamental fairness and due process, and respondent has not directed us to any authority so holding. See Silva v. Cox, 351 F.2d 61 (10th Cir. 1965), cert. denied, 383 U.S. 919, 86 S.Ct. 915, 15 L.Ed.2d 673 (1966); Allen v. MacDougall, 267 F.Supp. 837 (D.S.C.1967); Carroll v. Turner, 262 F.Supp. 486 (E.D.N.C.1966), cert. denied, 390 U.S. 969, 88 S.Ct. 1085, 19 L.Ed.2d 1176 (1968). In re Gault, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967), did not go so far as to require the granting of all rights accorded persons charged with crime, to juveniles held for trial to determine if they should be found delinquent.

Indeed, the Supreme Court in that case declined to discuss the pre-adjudication stage of the delinquency proceeding.

Neither did we intend by our comment in Peyton v. Nord, supra, that we "wholeheartedly" subscribed to the principle that a juvenile charged in juvenile court is "entitled to a fact-finding process which measures up to the essentials of due process and fair treatment," to suggest that anything was required beyond the jury trial there held mandatory. We do not see a preliminary hearing in juvenile court as an imperative to assure a fact-finding process which meets the requirements of due process and fair treatment. This is accomplished by the trial to a jury.

In our opinion, the juvenile code itself incorporates safeguards which are adequate to assure that juveniles are not proceeded against without cause, or detained unnecessarily. See §§ 13–8–25, –34, –42, –43, –44, N.M.S.A. 1953. For this reason, and because the proceedings to determine delinquency and the consequences of such status are significantly different from criminal proceedings and the consequences of a criminal conviction, we do not perceive any substantial equal protection problem. Compare W. v. Family Court, 24 N.Y.2d 196, 299 N.Y.S.2d 414, 247 N.E. 2d 253 (1969).

By nothing that we have said do we want to be understood as expressing an opinion on the quantum of proof required in juvenile court, or on any of the myriad of other questions it is anticipated will arise. We would observe, also, that we have not considered the impact, if any, of § 13–8–60, N. M.S.A. 1953, which permits transfer to the state penitentiary of juveniles under certain conditions and upon compliance with certain procedures. That is not involved in the present case. Indeed, when a juvenile is transferred to district court for criminal proceedings (§ 13–8–27, N.M.S.A. 1953), all of the rights and safeguards in such cases required by law and the Constitution of the United States and the Constitution of New Mexico must be accorded him. Peyton v. Nord, supra; Neller v. State, 79 N.M. 528, 445 P.2d 949 (1968).

It follows that the position of the petitioner is well taken and the writ heretofore issued should be made permanent.

It is so ordered.

NOBLE C. J., and COMPTON and TACKETT, JJ., concur.

WATSON, J., dissenting.

WATSON, Justice (dissenting).

I do not believe this case presents an exigency of such an extreme nature as to justify the interposition of our extraordinary power of superintending control. State ex rel. Meyers Co. v. Reynolds, 22 N.M. 473, 164 P. 830 (1917). If respondent erred, it was in favor of the juveniles, not against them. No irreparable mischief, great, extraordinary, or exceptional hardship, costly delay, and unusual burdens of expense will result if we do not grant the writ, but well might if we do. See State ex rel. Oil Conservation Commission v. Brand, 65 N.M. 384, 389, 338 P.2d 113 (1959). The other ground for the issuance of the writ is that the remedy of appeal is inadequate. If the State has no appeal in these matters, we should not use the writ to grant it one, nor should we use the writ for advisory opinions or piecemeal reviews. State ex rel. Anaya v. Scarborough, 75 N.M. 702, 410 P.2d 732 (1966).

Therefore, I respectfully dissent.