**UNITED STATES of America**

v.

**Frank HASIWAR and Gene Hasiwar, Defendants.**

**No. 69 Cr. 58.**

United States District Court
S. D. New York.

Feb. 28, 1969.

Robert M. Morgenthau, U. S. Atty. for the Southern Dist. of N. Y., for plaintiff; Sterling Johnson, New York City, of counsel.

Lynn Adelman, New York City, for defendants.

## MEMORANDUM

TENNEY, District Judge.

The defendants, arrested on January 12, 1969, for assaulting Federal officers while the said officers were performing their official functions, Title 18 U.S.C. §§ 111, 1114, have moved: (a) to dismiss the indictment under Rule 12 of the Federal Rules of Criminal Procedure (hereinafter referred to as the "Rules"); (b) for a bill of particulars under Rule 7(f); (c) for certain discovery and inspection under Rules 5(c) and 16; and (d) for certain additional relief more fully described herein. Defendants were arraigned before the United States Commissioner on January 13, 1969 and released on bail, the matter being adjourned for hearing until January 24, 1969. Prior to such adjourned hearing, a one-

count indictment [1] was returned on January 16th and defendants pleaded not guilty on January 22nd.

### A—Motion to Dismiss The Indictment

■ Defendants allege that the indictment "is insufficient in that it fails to allege that at the time of their alleged criminal acts, defendants knew the federal agents to be federal agents and knew that the agents were performing official duties." In support of such allegation they cite, among others, as authority, Pettibone v. United States, 148 U.S. 197, 13 S.Ct. 542, 37 L.Ed. 419 (1893) and United States v. Bell, 219 F.Supp. 260 (E.D.N.Y.1963). Such legal interpretation of Section 111 has been rejected in this Circuit. United States v. Montanaro, 362 F.2d 527 (2d Cir.), cert. denied, 385 U.S. 920, 87 S.Ct. 223, 17 L.Ed.2d 144 (1966); United States v. Lombardozzi, 335 F.2d 414, 10 A.L.R.3d 826 (2d Cir.), cert. denied, 379 U.S. 914, 85 S.Ct. 261, 13 L.Ed.2d 185 (1964); see also McEwen v. United States, 390 F.2d 47, 49–50 (9th Cir.), cert. denied, 392 U.S. 940, 88 S.Ct. 2319, 20 L.Ed.2d 1400 (1968). The indictment herein, substantially in the words of the statute, was sufficient to allege that defendants knew the persons they assaulted were Federal agents engaged in the performance of their official duties. United States v. Chunn, 347 F.2d 717, 719 (4th Cir. 1965). Accordingly, the motion to dismiss is denied.

### B—Motion for A Bill of Particulars

■ As to item (1), the Government has agreed to furnish the defendants with the approximate time and location at which the crime alleged was committed. The defendants are entitled to reasonable specificity as to the location.

United States v. Zovluck, 274 F.Supp. 385, 392 (S.D.N.Y.1967). Item (6) would appear to be satisfied by the indictment which gives the names of the agents who were assaulted. The remaining items, i. e., 2, 3, 4, 5, 7, 8, 9, 10, 11, 12 and 13, seek either identification of the Government's witnesses or its evidence, and are not properly the subject of a bill of particulars. United States v. Zovluck, *supra* at 392. The particulars sought go far beyond those allowed in United States v. Tucker, 262 F.Supp. 305, 307 (S.D.N.Y.1966). Except as otherwise stated herein, the motion for a bill of particulars is denied.

### C—Motion for Discovery and Inspection

■■ The defendants seek to inspect and copy any and all statements in the possession of the Government, whether such statement was made by defendants, third parties or Government agents. They have confused matter producible as Jencks Act material, Title 18, U.S.C. § 3500, with what is producible under Rule 16(a). However, the Government's argument that Rule 16(a) does not include as a "statement" or "confession" an analysis, interpretation or summary of a statement or confession is not applicable to memoranda of an interview had by an Assistant United States Attorney with a defendant, even though not verbatim and not signed by such defendant, and such statements shall be produced. United States v. Kuperberg, 288 F.Supp. 115, 116 (S.D.N.Y.1967); United States v. Scharf, 267 F.Supp. 19, 20 (S.D.N.Y. 1967). The assertion that the production of such statements is necessary "in order for defense counsel to properly advise the defendants and to prepare for trial" constitutes sufficient grounds. The other statements sought are not producible.

---

1. "The Grand Jury charges:
    On or about the 10th day of January, 1969, in the Southern District of New York, FRANK HASIWAR and GENE HASIWAR the defendants, unlawfully, wilfully and knowingly did forcibly assault, resist, oppose, impede, intimidate and intefere [sic] with Leonard Einbinder, John O'Brien and Ronald J. Caffrey, Special Agents of the Bureau of Narcotics and Dangerous Drugs, while the said officers were engaged in the performance of their official duties.
    (Title 18, United States Code, Sections 111 and 1114.)"

■ Defendants also seek any "books, papers, documents and tangible objects or weapons obtained from or belonging to the defendants or obtained from others by seizure or process." No showing is made of materiality to the preparation of the defense, nor that the request is reasonable. The request for a copy of the defendants' arrest records, which are internal Government documents, is beyond the scope of Rule 16(b). United States v. Cobb, 271 F.Supp. 159, 162 (S.D.N.Y.1967). However, this is not intended to preclude their production at the time of trial in the event the defendants require such information in determining whether to testify in their own behalf. This is a matter better left to the discretion of the trial judge.

■ Defendants also seek to "inspect the Grand Jury minutes or in the alternative * * * a preliminary hearing pursuant to Rule 5(c)." There is no statement that defendants testified before the Grand Jury, and no demand is made for "[the] recorded testimony of the defendant[s] before a grand jury" pursuant to Rule 16(a). Defendants are not entitled to the disclosure of the testimony of other persons before the Grand Jury in the absence of a showing of a particularized need for such inspection. Of course, if such persons are called as witnesses by the Government at the trial, the need for a full and fair cross-examination may warrant the trial judge's finding such particularized need. Such need, however, is not created by defendants' failure to obtain a preliminary hearing pursuant to Rule 5(c). That Rule is not designed to effect discovery of evidence. Sciortino v. Zampano, 385 F.2d 132, 133 (2d Cir. 1967), cert. denied, 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872 (1968); United States v. Motte, 251 F.Supp. 601 (S.D.N.Y.1966). To hold otherwise would be to accord a defendant indicted after apprehension a right of discovery not available to a defendant apprehended after indictment. Accordingly, except as otherwise stated herein, the motions relating to discovery and inspection are denied.

One further matter remains to be resolved. Defendants seek to adjourn the trial of this case pending the outcome of a certain narcotics case.

Briefly, the facts underlying this motion indicate that on the night of January 10, 1969, as agents of the Bureau of Narcotics and Dangerous Drugs were attempting to arrest a suspect in connection with a narcotics investigation, the defendants herein allegedly intervened and assaulted the agents, which acts constitute the basis of the indictment presently lodged against them. The defendants in the narcotics case have been arrested but not indicted as of this time.

■ Defendants herein argue that inasmuch as the only witnesses to the events in question who could exculpate them by testifying in their behalf are the defendants in the narcotics case, and that since those defendants would invoke their Fifth Amendment privilege against self-incrimination so long as there are proceedings pending against them, the fair administration of criminal justice mandates that this trial be delayed until a disposition is reached in the case against their only prospective witnesses. The Government describes the defendants' motion as "a frivolous attempt to impede the orderly administration of justice" and requests that the case be "sent to a trial part as soon as the defendants' motions are decided." While the Government correctly states that defendants "cannot dictate the order of criminal prosecutions", neither can the Court abdicate its responsibility to insure a fair trial. McNabb v. United States, 318 U.S. 332, 340, 63 S.Ct. 608, 87 L.Ed. 819 (1943).

■ Indeed, even the "probability of unfairness" is to be prevented. In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1954). "Judicial supervision of the administration of criminal justice in the federal courts implies the duty of establishing and maintaining civilized standards of procedure and evidence. Such standards are not satisfied merely by observance of those

minimal historic safeguards \* \* \* which are summarized as 'due process of law' \* \* \*." McNabb v. United States, *supra* at 340, 63 S.Ct. at 613. It appears that at least four other persons were arrested at approximately the same time and place as the defendants in this case. They were arrested by the same agents as in the present case although charged with a different crime, *i. e.*, violation of the federal narcotics laws. It is alleged that they witnessed at least part of the occurrence underlying the present case. At least one of these witnesses has indicated that he would, if called, exercise his privilege against self-incrimination, but that he would be willing to testify once the charges against him had been disposed of, whatever the disposition. It is believed that testimony favorable to defendants can be elicited from these witnesses. It seems highly probable, under the circumstances of this case, that these witnesses would all be compelled to exercise their privilege and refuse to testify on behalf of these defendants prior to the trial of the narcotics case. The Government has come forward with no valid reason for the order of trial of these cases upon which it has embarked.

■ A federal court has broad powers, extending even to injunctive process, to prevent unfairness in a criminal trial.

In the case of United States v. Echeles, 352 F.2d 892 (7th Cir. 1965), the court ordered a severance so that a defendant could invoke his Fifth Amendment privilege without depriving him of a later opportunity to testify in his co-defendant's behalf. Naturally, to accomplish this result, it was necessary for the court to order that the potential witness be tried first. Thus, the ends of justice required that a certain order of events be followed.[2]

■ Judicial arrangement of procedures for the purpose of insuring fundamental fairness in the course of criminal proceedings is often mandatory if a court is to implement its true function. Greene v. United States, 296 F.2d 841 (2d Cir. 1961), appeal dismissed, 369 U.S. 403, 82 S.Ct. 852, 7 L.Ed.2d 841 (1962) (criminal proceedings stayed pending a determination of a motion to suppress and subsequent appeal); United States v. Birrell, 276 F.Supp. 798 (S.D.N.Y. 1967) (concurrent civil proceedings stayed in order to prevent unfairness in the related criminal trial); United States v. Simon, 262 F.Supp. 64 (S.D. N.Y.1966), rev'd on other grounds, 373 F.2d 649 (2d Cir.), vacated, Simon v. Wharton, 389 U.S. 425, 88 S.Ct. 577, 19 L.Ed.2d 653 (1967).

> As stated in the *Simon* case, *id.* at 71:
>
> "Moreover, as in any other application for relief in the nature of injunction the prejudice to the party seeking relief must be weighed against any prejudice to the persons against whom relief is sought. But upon a proper showing of the probability of unfairness which may affect the course of the criminal proceedings the criminal court has not only the power but the duty to act."

In the instant case, what little prejudice, if any, there may be to the Government in delaying this prosecution until such time as there is a disposition of the narcotics case can hardly compare to the extreme prejudice that would be suffered by the defendants herein if they were effectively deprived of their only prospective witnesses.

■ If injunctive relief or severance is warranted to avoid a possible suppression of evidence favorable to a defendant, it can scarcely be argued that calendar adjustment is not also available but in-

2. United States v. Kahn, 366 F.2d 259, 264 (2d Cir.), cert. denied, Pacelli v. United States, 385 U.S. 948, 87 S.Ct. 321, 17 L.Ed.2d 226, rehearing denied, Schwartzberg v. United States, 385 U.S. 984, 87 S.Ct. 502, 17 L.Ed.2d 445 (1966) is not to the contrary, but merely indicates that a denial of a motion for severance is not erroneous in the absence of anything in the record indicating that the co-defendants would have given exculpatory evidence.

deed mandated. Rule 50 empowers this Court to place "criminal proceedings upon appropriate calendars". The Advisory Committee Note to that Rule "points out that the Rule is a restatement of the inherent residual power of the court over its own calendars, although as a matter of practice in most districts the assignment of criminal cases was handled by the United States Attorney." Orfield, Criminal Procedure Under The Federal Rules, § 50.5, at 400. The duty of this Court seems clear. This case is marked off the trial calendar until it may be restored in conformity with this opinion.

So ordered.