214

UNITED STATES of America,

v.

Stelios MAVROGIORGIS et al.,
Defendants.

No. 69 Cr. 558.

United States District Court

S. D. New York.

Dec. 31, 1969.

Robert M. Morgenthau, U. S. Atty. for Southern District of New York, by James T. B. Tripp, Asst. U. S. Atty., New York City, for United States of America.

Francis G. Mantzaris, New York City, for defendant Mavrogiorgis.

MANSFIELD, District Judge.

In this prosecution based upon a two-count indictment charging conspiracy to file false statements with, and to defraud, the Immigration and Naturalization Service in violation of 18 U.S.C. § 371 and the making of a false statement on a visa application filed with the Immigration and Naturalization Service in violation of 18 U.S.C. §§ 1001 and 2, defendant Mavrogiorgis has moved for extensive particulars, principally evidentiary in nature, with respect to 13 numbered items. The Government has furnished information in response to Items 1, 5, 11 and 12 and opposes the balance. Except as consented to by the Government, the motion is denied.

■ The function of a bill of particulars is not to obtain a disclosure of the evidence or witnesses to be offered by the Government at trial, but to minimize surprise, enable the movant to obtain such ultimate facts as are needed to prepare his defense, and permit the movant successfully to plead double jeopardy if he should be prosecuted later for the same offense. United States v. Lebron, 222 F.2d 531 (2d Cir.), cert. denied, 350 U.S. 876, 76 S.Ct. 121, 100 L.Ed. 774 (1955); United States v. Klein, 124 F. Supp. 476 (S.D.N.Y.1954); United States v. Crisona, 271 F.Supp. 150 (S.D. N.Y.1967).

■■ None of the denied items falls within the required or advisable area of pretrial disclosure. Names and addresses of prospective Government witnesses, except in capital cases, need not be fur-

nished. United States v. Hasiwar, 299 F.Supp. 1053 (S.D.N.Y.1969). Evidentiary details of the type requested in Items 3, 8 and 13 fall within the same category. United States v. Cimino, 31 F.R.D. 277, 281 (S.D.N.Y.1962) ; United States v. Kahaner, 203 F.Supp. 78, 84 (S.D.N.Y.1962), affd., 317 F.2d 459 (2d Cir.), cert. denied, 375 U.S. 836, 84 S. Ct. 74, 11 L.Ed.2d 65 (1963). As we have recently ruled in another case, United States v. Sarantos et al., 69 Cr. 559 (S.D.N.Y. Dec. 8, 1969), the criminal record of a prospective Government witness need not be furnished until trial. See United States v. Westmoreland, 41 F.R.D. 419, 427 (D.Ind.1967).

It is so ordered.