**UNITED STATES of America**

v.

**Philip MARSHAK and Martin Dorf,
Defendants.**

**No. 72 Cr. 1157.**

United States District Court,
S. D. New York.

June 13, 1973.

Whitney North Seymour, Jr., U. S. Atty., for the Government by John C. Sabetta, Asst. U. S. Atty., of counsel.

Robert Kasanof, Legal Aid Society, Federal Defender Services Unit, New York City, for defendant Philip Marshak by Michele Hermann, New York City, of counsel.

Jerold C. Weissfeld, New York City, for defendant Martin Dorf.

## OPINION AND ORDER

DUFFY, District Judge.

This is an unusual case. The defendants, Philip Marshak and Martin Dorf, are charged with distribution and possession, with intent to distribute, five (5) ounces of cocaine. At an omnibus hearing held before me, it was ascertained that there will be no cocaine or any other narcotic substance introduced at trial. It is, however, seemingly the government's allegation that the defendants stole some cocaine from a doctor's office. Apparently, it will be the defendants' contention that in fact the doctor had been giving away or selling the cocaine to various people for illicit use. The defendants evidently seek to call as witnesses those people who received cocaine in this manner from the doctor.

Defendants further indicated that they intend to prove that the doctor had no reason in his practice to have cocaine in his office; that apparently the doctor had not filed with the State of New York the requisite forms showing the distribution of the cocaine, and in effect that he is attempting to transfer his guilt to the defendants.

The attorneys for the defendants so strongly believed in their clients' case that they produced the defendants for interrogation by an Assistant United States Attorney. At the hearing, the government exhibited "notes" taken by the Assistant during these interviews and it appears that they are nothing more than brief, non-decipherable hieroglyphics and doodles.

The defendants also offered to supply the government with a list of their witnesses and a summary of what they expect each witness to testify.

Marshak and Dorf have now moved pursuant to Rule 16 of the Federal Rules of Criminal Procedure for the discovery of certain records and information in the hands of the Government. Often discovery requests are settled between the parties; however, this case unfortunately produced no agreement.

Rule 16 of the Federal Rules of Criminal Procedure sets up a bifurcated scheme as to what matters a defendant may obtain. Those matters included within Rule 16(a) are discoverable upon a showing of mere relevance, while those matters included within Rule 16(b) are discoverable only after defendant has shown that the information requested is material to the preparation of defendants' case and reasonable. Defendants have requested discovery of seventeen separate categories of information.

At the omnibus hearing held before me, the government modified its earlier position and apparently does not oppose the disclosure of items 1, 2, 3, 11, 12, 13 and 16, but continues to object to the disclosure of any of the other items. Upon reviewing items 1, 2, 3, 11, 12 and 13, it is clear to this Court that they come within the scope of Rule 16(a) and (b) and that the requisite showing of materiality and relevance has been

made. Therefore, the government is directed to supply the information which is demanded in these categories. I shall deal with item 16 separately below.

■■ I now turn to those requests which the government objects to. Defendants have sought the names, addresses and prior criminal records of all witnesses whom the government intends to call. Criminal discovery has, in recent years, become more permissive in allowing discovery to the defendants. However, the extension of discovery is still quite limited, and the courts have not looked with favor on blanket requests for information. The clear weight of authority and the language of Rule 16 make it clear that in non-capital cases the names and addresses of prospective witnesses do not have to be furnished by the government to defendants. United States v. Hasiwar, 299 F.Supp. 1053 (S.D.N.Y.1969); United States v. Mavrogiorgis, 49 F.R.D. 214 (S.D.N.Y. 1969). Further, it has been generally held that criminal records of the government's witnesses, unquestionably of help to the defendants, need not be furnished until trial. United States v. Westmoreland, 41 F.R.D. 419 (S.D.Ind.1967). Thus, the defendants' demand for information included in requests numbered 4, 5, and 6, must be denied.

■■ Defendants have also requested that they be shown and allowed to copy, any tape recordings of telephonic communications made by defendants in this case. It is this Court's opinion that these materials are discoverable under either Rule 16(a) or Rule 16(b). For some time there has been authority that defendant's conversations antedating arrest come within the meaning of the term "statements" in Rule 16(a). In United States v. Rosenberg, 299 F.Supp. 1241 (S.D.N.Y.1969), Judge Frankel held that conversations between defendant Rosenberg and I.R.S. agents made at the time of the commission of the crime and which possibly might constitute the substance of the alleged crime of bribery were discoverable. It seems to this Court equally clear that statements made during the time period leading up to the crime come within this section regardless of whether they, in fact, constitute an element of the crime. Cf. United States v. Lubomski, 277 F.Supp. 713 (N.D.Ill.1967); Davis v. United States, 413 F.2d 1226 (5th Cir. 1969). However, even if the tapes sought by defendant did not come within Rule 16(a), it seems quite clear that they constitute tangible objects as used in Rule 16(b). Further, defendants produced at the hearing evidence sufficient to satisfy the Rule 16(b) requirement of materiality for it seems manifestly clear that conversations of defendants may supply important information not only vis a vis the alleged commission of the crime but also that they may shed light on the activities of the complaining witnesses whose actions apparently are a key to the defense of defendants.

■■ The government has objected to discovery by the defendants of all statements made by persons with knowledge of this case whom the government does not intend to call as witnesses at the trial. As has been suggested above, the Court has been reluctant to mandate disclosure by the government of witnesses which it intends to call. However, the present request is for the statements made by parties not intended to be called. The restriction in Rule 16(b) which prevents the disclosure of statements of witnesses or prospective witnesses does not apply to those people whom the government in good faith does not intend to call at trial. The statements therefore do fall within the tangible property category of discoverable materials within Rule 16(b). However, the Court is not convinced that the blanket demand for all statements satisfies the requirement of Rule 16(b) that such demands be reasonable. For this reason, plaintiff's discovery of the statements of persons whom the government does not intend to call, is limited to statements by persons who can corroborate the alleged taking and possession of the cocaine and statements by persons who may have overheard telephonic con-

versations of defendants with the prosecuting witness. As to these statements, this Court on the basis of the information presented at the omnibus hearing finds that there has been a showing of materiality and that they are reasonable.

▮ Where the requisite showing of materiality and reasonableness is made, Rule 16(b) permits the plaintiff to discover certain tangible matters, including documents and papers. Plaintiff has sought certain investigative reports of the New York City Police Department made in this case. Though these reports come within the ambit of Rule 16(b), they are exempted from discovery by the exception clause which precludes discovery or inspection of reports made by government agents in connection with the investigation or prosecution of the case.

▮ Defendants have sought certain other tangible property including the medical licenses which the complaining witness may have and all records relating to the purchase of cocaine in this case and the purchase of cocaine in general by the complaining witness. As was stated above, the government does not object to the production of the license or the information concerning the cocaine, and therefore such disclosure will be ordered. In addition, defendants have made a blanket request for all tangible property which the government intends to introduce in evidence. Defendants have failed to demonstrate the requisite showing of materiality necessary to support their blanket request for discovery of all evidence to be introduced. Thus, the request must be denied.

▮ Item 16 requests that the government provide defendants with all exculpatory matters regardless of whether in investigative reports of the F.B.I. or the Bureau of Narcotics and Dangerous Drugs. I think it is unnecessary to order the government to supply such information, for undoubtedly the government is aware of its duty to do so under the holding of Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

For the above reasons, the government is ordered to supply for copying and perusal the information and objects requested in items 1, 2, 3, 7, 8, 9, 11, 12 and 13.

▮ In addition to a motion for discovery, defendants have also moved for a bill of particulars. The granting of defendants' demand for a bill of particulars lies in the sound discretion of this Court. United States v. Leach, 427 F.2d 1107 (1st Cir. 1970), cert. denied, Tremont v. United States, 400 U.S. 829, 91 S.Ct. 57, 27 L.Ed.2d 59 (1970). The purpose of a bill of particulars is to enable the accused to prepare for trial and to prevent prejudicial surprise. United States v. Glaze, 313 F.2d 757 (2nd Cir. 1963). I find that the items sought by the defendants constitute ultimate facts necessary for defendants to properly prepare their case. In deciding these motions, this Court has been mindful that a criminal trial is not a sporting event, but a forum wherein justice is sought. Cf. Giles v. Maryland, 386 U.S. 66, 87 S.Ct. 793, 17 L.Ed.2d 737 (1967).

So ordered.