**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert Francis FOSTER, Defendant-Appellant.**

**No. 18492.**

United States Court of Appeals, Seventh Circuit.

April 1, 1971.

John F. Sandner, Chicago, Ill., for defendant-appellant.

Frank J. Violanti, U. S. Atty., J. William Roberts, Asst. U. S. Atty., Springfield, Ill., for plaintiff-appellee.

Before SWYGERT, Chief Judge, KILEY and PELL, Circuit Judges.

PER CURIAM.

This is an appeal from a conviction and sentence for violation of 18 U.S.C. § 2113(a), (b) and (d) pursuant to a three-count indictment charging defendant with the robbery by force, violence and intimidation of the First National Bank of Wood River, Illinois. The issues raised by defendant-appellant on this appeal are whether it was reversible error for the trial court to (1) deny defendant's request for a preliminary hearing pursuant to Rule 5(c) of the Federal Rules of Criminal Procedure, (2) deny certain other requests of defendant made before trial, and (3) fail to provide defendant with investigational assistance under the Criminal Justice Act of 1964, 18 U.S.C. §§ 3006A, et seq., as he requested. Because of another issue not argued by the parties, the sentence entered pursuant to the judgment of conviction on the jury verdict of guilty must be modified, and, as modified, the judgment of the district court is affirmed.

The First National Bank of Wood River, Illinois, insured by the Federal Deposit Insurance Corporation, was robbed of $7,635.00 by an armed and unmasked man at about 10:15 a. m. on March 10, 1969. Defendant was arrested within one block of the bank approximately ten or fifteen minutes after the robbery under circumstances from which it reasonably could be inferred that he had committed the crime and that the fruits and instrumentalities of the crime were in his possession at the time of the arrest. Defendant was taken before the United States Commissioner on March 11, 1969 and informed of his rights. Bail was set at $25,000.00.

Between March 11 and March 19 the defendant twice requested a preliminary hearing before the Commissioner pur-

suant to Rule 5(c), Federal Rules of Criminal Procedure. No such hearing was had before the return of the indictment on March 19, 1969. Defendant urges that the failure to hold the requested preliminary hearing vitiates his conviction because he was deprived thereby of the opportunity of anticipatorily discovering the testimony of at least some of the witnesses against him. We disagree.

Defendant contends that the purpose of Rule 5(c) of the Federal Rules of Criminal Procedure is twofold, namely, to determine the existence of probable cause to hold a defendant prior to indictment and to allow the defendant a measure of discovery of the evidence which will be offered against him. The Court of Appeals for the District of Columbia has adopted that position in Blue v. United States, 119 U.S.App.D.C. 315, 342 F.2d 894, 900–901 (1964), cert. denied, 380 U.S. 944, 85 S.Ct. 1029, 13 L. Ed.2d 964 (1965), and Ross v. Sirica, 127 U.S.App.D.C. 10, 380 F.2d 557, 559 (1967). However, the Court of Appeals for the Second Circuit has concluded that *Blue* and *Ross* are erroneous, stating:

> There is nothing in the language or the history of Rule 5 to suggest that the preliminary examination has any purpose other than to afford a person arrested upon complaint an opportunity to challenge the existence of probable cause for detaining him or requiring bail. Sciortino v. Zampano, 385 F.2d 132, 133 (2d Cir. 1967), cert. denied, 390 U.S. 906, 88 S.Ct. 820, 19 L. Ed.2d 872 (1968).

We have already indicated our rejection of the position of the District of Columbia Circuit and our adoption of the Sciortino rule of the Second Circuit, United States v. Amabile, 395 F.2d 47, 53–54 (7th Cir. 1968), vacated on another ground sub norn. Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297 (1969), and we reaffirm that determination.

Defendant further contends that the trial court erred in denying his motions for a bill of particulars, to dismiss his appointed counsel, to produce grand jury minutes and to reduce his bond. We find that as to these matters the district court's rulings were reasonable exercises of its discretion, and we affirm each of these determinations.

Finally, defendant asserts that the failure of the district court to provide him with investigational assistance pursuant to his request for purposes of corroborating an alibi defense was reversible error. Again, we disagree. We need not deal with the question of whether the trial court's conduct would have constituted such error if the alibi defense had been preserved at trial, for the defendant did not testify as to the purported alibi even though he voluntarily took the stand in his own defense. Moreover, Flora Wright, the only other witness offered in defendant's behalf, testified in such manner as to contradict the alibi if it had been offered. During the pre-trial period of incarceration, defendant asserted that at the time of the robbery he and Flora Wright were having breakfast at a luncheonette near the bank. He requested investigational assistance to locate customers and employees of the luncheonette who observed him at that time. At trial, however, defendant testified that he did not know what time of day he had been in the luncheonette, and Flora Wright testified that between the time they ate breakfast in the luncheonette and the time they were arrested (which was within a few minutes of the robbery) she and defendant had driven to a shopping center which was some fifteen or twenty miles away and shopped in several stores. It is clear, therefore, that any error in the failure to provide investigational assistance with regard to corroborating the alleged alibi was harmless since the purported alibi defense was abandoned before or during trial.

For the foregoing reasons, we affirm the judgment of conviction en-

tered pursuant to the jury verdict of guilty. However, the form of the sentence imposed by the trial judge must be modified because it appears to impose three separate sentences for the same offense. *See* Green v. United States, 365 U.S. 301, 305–306, 81 S.Ct. 653, 5 L.Ed.2d 670 (1961). It is clear that the district judge intended to sentence defendant for the aggravated version of the crime of bank robbery committed with the use of a dangerous weapon as charged in Count Three of the indictment and upon which defendant was sentenced to a term of twenty years' imprisonment. Accordingly, the judgment of the district court is affirmed and the cause is remanded for the sole purpose of vacating the sentences imposed under Counts One and Two of the indictment.

Pell, Circuit Judge, dissented and filed opinion.