485 P.2d 982

**STATE of New Mexico, Plaintiff-Appellee,**
**v.**
**Cecil E. SEXTON, Defendant-Appellant.**
**No. 586.**

Court of Appeals of New Mexico.
April 9, 1971.

Rehearing Denied May 18, 1971.

Certiorari Denied June 1, 1971.

Scott McCarty, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Leila Andrews, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

SUTIN, Judge.

Sexton was convicted and sentenced on two counts of armed robbery. The defendant appeals.

We affirm.

Sexton contends, (1) that he was entitled to a preliminary hearing and the indictment should have been dismissed; and (2) that some of Sexton's statements made in a police car were erroneously admitted in evidence and considered by the jury.

*Absence of Preliminary Hearing.*

Sexton was denied a preliminary hearing. A race took place between the assistant district attorney and Sexton whether Sexton should have a preliminary hearing before a grand jury indictment was returned. Sexton lost the race. The indictment was first returned and the preliminary hearing was not held. This same issue was decided contrary to Sexton's contentions in the companionate case of State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.) February 19, 1971. Sexton's claims are denied.

*Erroneous Admission of Evidence.*

. Sexton was arrested with Burk east of Albuquerque. He was immediately advised of his constitutional rights to remain silent and have counsel during interrogation. While being returned to Albuquerque in a police car, a conversation began back and forth, between Sexton and Burk, not initiated by the police officers. The detective asked Sexton why he shot the alleged victim of the robbery, and his response was that it was an accident. Sexton was asked whether his gun was cocked and his response was that he guessed so. During opening statement to the jury, the assistant district attorney admitted that the shooting was accidental.

The question raised by Sexton is: Did Sexton waive his rights to remain silent and have counsel before these inquiries were put to him?

There is a complete absence of express waiver. There is no express statement by Sexton that he understood his rights when he received his constitutional warnings. Such express waiver or statement of understanding is not an essential link in the chain of proof. Whether an intelligent waiver occurs depends upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused. United States v. Hayes, 385 F. 2d 375 (4th Cir. 1967), cert. denied, 390 U.S. 1006, 88 S.Ct. 1250, 20 L.Ed.2d 106 (1968), cited in State v. Smith, 80 N.M. 126, 452 P.2d 195 (Ct.App.1969).

Both Sexton and Burk moved to suppress statements made by them. At the hearing on this motion, the only testimony concerning statements by Sexton is Sexton's testimony that he made no statements. At this point, no issue as to the admissibility of statements by Sexton or waiver of constitutional rights by Sexton had been raised.

At the trial, an officer testified as to Sexton's statements during the ride to Albuquerque. The only objection to this testimony was that it was inadmissible because of an illegal arrest. Subsequently, this officer testified that Sexton had been advised that he would have the right to an attorney *after he was charged.* Sexton then moved for a mistrial on the basis that he was not told that he had the right to have an attorney present during *any* ques-

**650**

tioning. Specifically, the motion for mistrial was that the testimony showed defendant's statements "were made after faulty warning."

Other officers testified, however, that Sexton had been advised that he had a right to have an attorney during any questioning.

Nowhere in the record is the issue raised to the trial court that defendant seeks to raise here—that he did not waive his right to remain silent because there is no showing that defendant understood this. Sexton never claimed, prior to this appeal, that he did not understand the advice given him as to his rights.

■ Defendant seeks to raise the waiver issue for the first time on appeal. He may not do so. State v. Harrison, 81 N.M. 623, 471 P.2d 193 (Ct.App.1970) ; compare State v. Smith, 80 N.M. 126, 452 P.2d 195 (Ct. App.1969).

■ Sexton further contends there was no evidence in the record to sustain two portions of a long instruction to the jury, stating seven matters to be considered by the jury in determining whether the confession was admissible. Two of these seven matters are directed to "express waiver" and imposd a burden on the state, in order to use defendant's statements, that is not required by law. Sexton claims that regardless of the correctness of the instruction, it is the law of the case, and since there is no evidence of express waiver, no issue as to his statements should have been submitted to the jury. Our answer is that this issue was never presented to the trial court. Defendant's objection to the instruction never went to the question of express waiver. He may not raise it here for the first time.

The conviction and sentence are affirmed.

It is so ordered.

WOOD and HENDLEY, JJ., concur.