**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Thomas Owen KYSAR, Defendant-
Appellee.**

**No. 71–1566.**

United States Court of Appeals,
Tenth Circuit.

April 12, 1972.

H. Ralph Klemm, Asst. U. S. Atty. (C. Nelson Day, U. S. Atty., on the brief), Salt Lake City, Utah, for plaintiff-appellant.

Phil L. Hansen, Salt Lake City, Utah, for defendant-appellee.

Before HILL, SETH and DOYLE, Circuit Judges.

HILL, Circuit Judge.

This is an appeal from an order for dismissal of an indictment by the United States District Court for the Central District of Utah entered on July 13, 1971.

The appellee, Thomas Owen Kysar, was charged by complaint in the United States District Court for the Central District of Utah with violation of 18 U. S.C. § 152, false oath and concealment of assets in bankruptcy. A preliminary hearing was held before a United States Commissioner on January 9, 1969; the complaint was dismissed on the basis that the government had failed to show that a crime had been committed. The government then presented the matter to a grand jury; on March 13, 1970 Kysar was indicted on the same charge as had been set forth in the complaint. At arraignment on the indictment, Kysar requested and the trial judge ordered a preliminary hearing before the United States Commissioner. A second preliminary hearing was thus held on June 3, 1970; the Commissioner found no additional evidence supported the indictment.

On July 13, 1971, the trial court dismissed the indictment for the reason that the government had improperly presented the matter to the grand jury after the case had been dismissed by the United States Commissioner at the first preliminary hearing. The government appeals.

█ The narrow issue presented by this appeal is whether dismissal of a complaint by a United States Commissioner for failure to show sufficient evidence to detain the defendant bars prosecution on a subsequent grand jury indictment for a violation based on the same facts and circumstances enumerated in the earlier complaint. We conclude that prosecution on a subsequent grand jury indictment returned in such circumstances is not barred by the earlier dismissal of a complaint by a United States Commissioner. Hence dismissal of the indictment in the instant case was improper.

█ The preliminary examination has as its sole function the determination of whether sufficient evidence exists to warrant the defendant's detention.[1] The grand jury, while endowed with this function, possesses an additional investigative function unique in the judicial process. The grand jury's investigative power may be exercised on its own motion; the results of the investigation may be the basis of an indictment.[2] The examining magistrate, on the other hand, determines probable cause solely on the evidence presented to him at the hearing. F.R.Crim.P. 5. The courts have been scrupulous in protecting the investigatory function of the grand jury by allowing prosecution on a subsequent indictment where a prior indictment charging violations based on the same facts and circumstances has been dismissed.[3] We find no distinction

1. United States v. Milano, 443 F.2d 1022, 1024–1025 (10th Cir. 1971), cert. denied 404 U.S. 943, 92 S.Ct. 294, 30 L.Ed.2d 258.

2. Hale v. Henkel, 201 U.S. 43, 65, 26 S.Ct. 370, 50 L.Ed. 652 (1906).

3. United States v. Thompson, 251 U.S. 407, 40 S.Ct. 289, 64 L.Ed. 333 (1920); United States v. Hedges, 458 F.2d 188 (10th Cir. 1972).

in the prosecution on an indictment returned subsequent to the dismissal by a magistrate of a complaint based on the same facts and circumstances as the indictment.

 The return of an indictment by a grand jury is a conclusive determination of the issue of probable cause.[4] If the indictment is fair upon its face and properly found and returned, the trial court cannot look behind the indictment to determine if it is based on inadequate or incompetent evidence.[5] Likewise, the United States Commissioner lacks the authority to pass on the evidence supporting the indictment.[6] The duty of the trial court to act on an indictment is clear; mandamus will lie in the event that the trial court refuses so to act.[7] Refusal to proceed is to be equated with refusal to enforce the law.[8]

It is likewise the duty of the United States Attorney to direct the attention of the grand jury to crimes which may have been committed. He has the power to prosecute or not to prosecute; this decision is not reviewable by any court.[9] We find nothing incorrect in the prosecution's presentation of the evidence in the instant case to the grand jury after dismissal of a complaint based on the same evidence by the United States Commissioner.

The parties to this appeal agree that the Fifth Amendment prohibition of double jeopardy is inapplicable here. We therefore hold that the dismissal of the complaint by the Commissioner in the first instance was clearly without prejudice to a later presentation of the evidence to the grand jury. The subsequent hearing held by the Commissioner was improper as an invasion of the province of the grand jury; dismissal of the indictment by the trial court was likewise improper.

The order of dismissal is set aside and the case is remanded to the trial court with directions to proceed with the prosecution under the indictment.

---

4. Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283 (1932).

5. Costello v. United States, 350 U.S. 359, 76 S.Ct. 406, 100 L.Ed. 397 (1956).

6. Sciortino v. Zampano, 385 F.2d 132 (2d Cir. 1967), cert. denied 390 U.S. 906, 88 S.Ct. 820, 19 L.Ed.2d 872; Crump v. Anderson, 122 U.S.App.D.C. 173, 352 F.2d 649 (1965).

7. Ex parte United States, 287 U.S. 241, 53 S.Ct. 129, 77 L.Ed. 283 (1932).

8. *Id.*

9. Smith v. United States, 375 F.2d 243 (5th Cir. 1967), cert. denied 389 U.S. 841, 88 S.Ct. 76, 19 L.Ed.2d 106; United States v. Cox, 342 F.2d 167 (5th Cir. 1965), cert. denied Cox v. Hauberg, 381 U.S. 935, 85 S.Ct. 1767, 14 L.Ed.2d 700; Pugach v. Klein, 193 F.Supp. 630 (S.D.N.Y. 1961).