David O. Boehm, J.
On April 22, 1966, petitioner Melvin Jackson, after having been adjudicated a youthful offender, was sentenced by Monroe County Court to a reformatory term of imprisonment not to exceed three years.
Thereafter, on October 31, 1966, upon a conviction of grand larceny in the first degree, Jackson was sentenced again by Monroe County Court to a reformatory term not to exceed five years. This conviction was appealed by notice of appeal filed by Jackson’s then attorneys in the office of the Clerk of the Appellate Division for the Fourth Department wherein Monroe County is located. Apparently no notice was served upon the District Attorney’s office. The appeal is still pending.
While imprisoned at Grlenham Correctional Facility at Beacon, New York, Jackson applied to the Dutchess County Supreme Court for a writ of habeas corpus. A writ was issued by that court and counsel assigned to represent Jackson.
In his petition, sworn to October 16,1972, Jackson alleged that he was twice illegally arrested; the sentences imposed upon him were illegal; his recommitments for parole violations were illegal; he was not properly credited with jail time. However, *817 according to the affidavit of the District Attorney, the only issue pursued in argument on Jackson’s behalf before the Dutchess County Supreme Court in the habeas corpus proceeding was that the sentences were excessive.
By a memorandum decision, the Dutchess County Supreme Court, citing People ex rel. Anderson v. Warden, N. Y. City Correctional Inst. for Men (68 Misc 2d 463), ordered “the matter ” referred to this court. By letter dated July 10, 1973, the Clerk of this court undertook on his own initiative to inform Jackson that his application would be placed on the Special Term calender of the court to be processed as an application for post-conviction relief under GPL article 440.
On August 7, 1973, Jackson telephoned the Assistant District Attorney in charge of this matter to advise that he had been released from imprisonment and was living and working in Rochester. On August 31, 1973, the same Assistant District Attorney was informed by Ronald Patchett, Parole Officer of the New York State Division of Parole, that Jackson had been paroled from Grlenham Correctional Facility on August 27,1973, that Jackson was residing at a certain address in Rochester and that the expiration date of Jackson’s parole is October 17, 1974.
Since the application is ostensibly before this court as an article 440 proceeding, counsel was not appointed to represent Jackson (People v. Monahan, 17 N Y 2d 310; People v. Jester, 4 A D 2d 841) but copies of the District Attorney’s affidavit in opposition, together with copies of all of the papers and memoranda received from the Dutchess County Calendar Clerk, were mailed to Jackson by the District Attorney prior to submission. Although advised of the date when the matter would come before the court, Jackson did not appear.
Keeping in mind that the application originated in habeas corpus, the threshold question which must be decided is whether this court has jurisdiction to proceed under article 440.
Although the drafters of the new Criminal Procedure Law seemed to intend to embrace all post-conviction remedies in one package, they did not do so. Indeed, there is serious doubt as to whether they even intended to do so. The Staff Comment in the 1967 Proposed Criminal Procedure Law (§ 225.10) noted that although the (‘ new motion to vacate judgment ’ ’ must be brought in the court of conviction, this “does not preclude a defendant with a traditional state habeas corpus contention from suing out a writ at a Supreme Court term of the county of incarceration instead of advancing it upon the proposed motion.”
*818 The commission justified its position by pointing out that “ any attempt to abolish the habeas corpus writ as a vehicle for assailing the validity of a judgment of conviction would doubtless present a constitutional issue,” and then went on to state that it was “ studying the possibility of an amendment to the Civil Practice Law and Rules which would authorize a Supreme Court justice to whom such a habeas corpus application is made to transfer it to the court of conviction for determination” as a post-conviction application.
Although the New York Constitution guarantees that the writ of habeas corpus shall not be suspended except in time of crisis (N. Y. Const. art. I, § 4), there is no particular requirement as to venue. Venue has been traditionally established by the Legislature as the county of detention. As one commentator suggests, there would be no constitutional prohibition against placing venue elsewhere and “ one solution to the dilemma would be for the legislature to include all post-conviction relief under the writ of habeas corpus and to provide that venue be laid in the court that rendered the judgment of conviction or sentence under attack.” (Cohen, Post-Conviction Relief in the New York Court of Appeals: New Wine and Broken Bottles, 35 Brooklyn L. Rev. 1, 30 [1968].)
Of course, as the Court of Appeals observed, the prime bar to a rule requiring habeas corpus applications to be made in or referred to the original court of conviction is the administrative problem of sending prisoners throughout the State for hearings (Matter of Hogan v. Culkin, 18 N Y 2d 330, 334-335).
It is significant that the Court of Appeals, in Matter of Hogan v. Culkin (supra), specifically rejected an interpretation of the CPLR provisions that would have permitted a writ to be made returnable to a county other than the county of1 detention where the relief .sought was for resentence, the situation here, rather than for discharge from custody.
A habeas corpus court is given authority by the CPLR to transfer proceedings before it in a number of instances. Thus it may remove an action to another court where a mistake was made in the choice of court (CPLR 325). It may even impanel a jury to obtain an advisory verdict (People ex rel. Benson v. Burdick, 215 App. Div. 163; People ex rel. Flannery v. Worthing, 177 Misc. 545; People ex rel. Thaw v. Grifenhagen, 154 N. Y. S. 965).
But a habeas corpus court may not hold a hearing on the writ in any county outside the county of detention (Matter of Hogan v. Culkin, supra).
*819 Further, CPLR 7010 requires the habeas corpus court to i direct a final judgment either discharging a prisoner from custody, admitting him to bail, or dismissing the proceeding and remanding the petitioner to proper custody. The statute has been construed to include a remittal to the .sentencing court for resentencing or for retrial (Matter of Hogan v. Culkin, supra; People ex rel. Colan v. La Vallee, 14 N Y 2d 83), but only after the habeas corpus court had already sustained the writ.
No final judgment of any kind was made by the habeas corpus court in the instant case. Accordingly, its transfer for determination under article 440 was without authority and this court therefore lacks jurisdiction to do anything other than to order the proceedings and the papers referred back to the Dutchess County Supreme Court.
This is not to say that this court is in disagreement with the judicial philosophy expressed by Justice Starke in People ex rel. Anderson v. Warden, N. Y. City Correctional Inst. for Men (68 Misc 2d 463, supra). The arguments he makes for proceeding under article 440 in the first instance are logical and convincing. But in that case he made a determination dismissing the writs before him without prejudice to the rights of the relators to proceed under article 440 in the court of conviction. This was correct procedure and within the court’s authority.
However, the alternative procedure suggested by him, that of referring the writs to the courts of conviction to be treated as motions under article 440, which procedure was followed by the Dutchess County Supreme Court here, is without lawful authority.
Although a court may adopt rules governing practice and procedure before it, such rules may not “ alter, modify, or annul any statutory provision * * * A rule inconsistent with a statute is inoperative.” (1 Carmody-Wait 2d, New York Practice, § 2:21, p. 41; Cohn v. Borchard Affiliations, 25 N Y 2d 237; Rovegno v. Lush, 45 Misc 2d 579.) Nor may a court construe rules so as to contravene jurisdictional requirements (People ex rel. Northchester Corp. v. Miller, 288 N. Y. 163,169).
In this connection, we must look again to article 440 of the Criminal Procedure Law to see what the legislation encompassed in terms of the post-conviction relief available. Again the comment of the Commission Staff is helpful and we see, from its notes (Commission Staff Comment, CPL 440.10) that the same division between post-conviction relief under *820 article 440 and traditional habeas corpus relief has been retained. The Staff Comment again points out that a writ of habeas corpus must be brought “ at a Supreme Court term of the county of incarceration ” and repeats that it is “ studying the possibility of an amendment to the Civil Practice Law and Buies which would authorize-a Supreme Court justice to whom such a habeas corpus application is made to transfer it to the court of conviction for determination by the latter ” of article 440 post-conviction relief.
Granted the Appellate Division rules of the Second Department permits treating a habeas corpus application as a proceeding under article 440 and for appropriate transfer, but such authority would extend only to courts within the geographical area of the Second Department (22A NYCRR 683.1; N. Y. Const., art. VI, §§ 4, 19, 30, 35; Judiciary Law, §§ 214, 216).
Until the Legislature amends CPLR 7010 to implement the alternative route suggested by Justice Starke in People ex rel. Anderson v. Warden, N. Y. City Correctional Inst. for Men (68 Misc 2d 463, supra), which legislation is apparently still being studied by the Temporary Commission on Revision of the Criminal Code, it is suggested that the better procedure, or at least the legally permissible one, would be to dismiss the habeas corpus writ with leave to apply directly to the sentencing court for relief under article 440.
The matter is referred back to the Dutchess County Supreme Court without prejudice to the right of the defendant to bring such proceedings before this court as may be appropriate. The District Attorney is requested to mail a copy of this decision to Jackson after ascertaining his correct mailing address from his Parole Officer.