535 P.2d 650

**STATE of New Mexico, Plaintiff-Appellant,**

**v.**

**Ronald PEAVLER and John Casaus,
Defendants-Appellees.**

**No. 1609.**

Court of Appeals of New Mexico.

April 9, 1975.

Certiorari Granted May 15, 1975.

James L. Brandenburg, Dist. Atty., Albuquerque, James F. Blackmer, Asst. Dist. Atty., Joseph P. Paone, Asst. Dist. Atty., for plaintiff-appellant.

Roy Anuskewicz, Jr., Marchiondo & Berry, P. A., Albuquerque, for defendants-appellees.

## OPINION

HERNANDEZ, Judge.

Defendants-Appellees were arrested by the Albuquerque City Police on November 28, 1973, for alleged possession with intent to distribute and conspiracy to distribute, marijuana, contrary to §§ 54–11–22, N.M.S.A.1953 (Repl.Vol. 8, pt. 2, Supp.1973), and 40A–28–2, N.M.S.A.1953 (2d Repl.Vol. 6). The criminal complaint form, by which the prosecution was initiated, was signed by a detective of the department as complaining witness, and was approved by an Assistant District Attorney on November 29, 1973. Defendants were taken before the Bernalillo County Magistrate for Division 2, on November 29, 1973; and upon receiving their pleas of not guilty, he ordered the defendants' release on their own recognizance and set December 19, 1973, for preliminary hearing on the complaint pursuant to R.Crim.P. 20(d), § 41–23–20(d), N.M.S.A.1953 (2d Repl.Vol. 6,

Supp.1973), as made applicable to Magistrate Courts by R.Crim.P. 1, § 41–23–1, N. M.S.A.1953 (2d Repl.Vol. 6, Supp.1973).

On the date set for preliminary hearing, defendants appeared with counsel; but the District Attorney failed to appear and prosecute. The record indicates that the Magistrate who had been assigned to conduct the preliminary hearing called the District Attorney's office by telephone to inquire whether anyone would be representing that office. After being advised that there would not, the Magistrate dismissed the complaint.

Thereafter, on January 17, 1974, the District Attorney's Office obtained a bill of indictment against these defendants from the Bernalillo County Grand Jury. The indictment alleged possession, unlawful distribution, and conspiracy to distribute marijuana. Defendants filed timely motions to quash the indictment. Following submission of briefs and oral argument, the District Court entered an order granting the motions on March 20, 1974. The State brings this appeal from the Order Quashing Indictment, alleging, (1) error in the District Court's conclusion that the Magistrate's dismissal of the criminal complaint barred subsequent indictment, (2) error in the District Court's conclusion that the indictment was barred by the constitutions of the United States and of New Mexico, and by the rules of the New Mexico Supreme Court, and (3) prejudice if the District Court's order were allowed to stand. For the reasons hereinafter stated, we remand this case with instructions.

(1) Under the State's first point on appeal, the relevant portion of the Order Quashing Indictment reads as follows:

"That on December 19, 1973, the defendants were present and were ready, willing and able to proceed with said preliminary hearing, but that the plaintiff did not appear for said preliminary hearing, whereupon the Magistrate * * * entered a final order on the complaint [dismissing the complaint] for the rea-

son that the District Attorney was not prepared for the preliminary hearing." The confusion on this question arises in the briefs. The position urged by defendants is that the provisions of Rule 31, of the Rules for Criminal Actions in Magistrate Courts, §§ 36–21–21 through 36–21–34, N.M.S.A.1953 (2d Repl.Vol. 6), operated as a bar in this case to subsequent indictment. The pertinent subsection of magistrate rule 31, supra, reads:

"A complaint or a count therein may be dismissed *by the prosecution* by filing a notice of dismissal at any time before trial. Unless otherwise stated in the notice, the dismissal is *with prejudice.* * * *" [Emphasis ours.]

In short, defendants urge that since the District Attorney neglected to file a notice of voluntary dismissal without prejudice, the Magistrate's dismissal was *with* prejudice and operated as an acquittal.

We believe the position taken by the State on this issue is the better one. First, we construe the Rules Governing Criminal Actions in Magistrate Courts, supra, to be inapplicable in cases over which the Magistrate is without trial jurisdiction.

"A. Magistrates have jurisdiction in all cases *of misdemeanors* * * *. [A]nd they may hold preliminary examinations in any criminal action * * *. B. In any criminal action in the magistrate court which is beyond the jurisdiction of the magistrate court, the magistrate may commit to jail, discharge or recognize the defendant to appear before the district court as provided by law. * * *" § 36–3–4, supra. [Emphasis ours.]

All of the charges listed in the criminal complaint constitute felonies under our statutes. Thus, the term, "discharge", as used in the quoted subsection of the jurisdictional statement for magistrate courts cannot be read to mean "acquit". Since the Magistrate had no jurisdiction to try the felony charges, the power to acquit was lacking. Any other construction of the magistrate rules would

create conflict between the statutes and the rules, and this we are bound to avoid. Compare *Beall v. Reidy*, 80 N.M. 444, 457 P.2d 376 (1969); *Salt Lake Homebuilders, Inc. v. Coleman*, 30 Utah 2d 379, 518 P.2d 165 (1974); *Ogle v. Ogle*, Okl., 517 P.2d 797 (1973); and *People v. Jackson*, 76 Misc.2d 816, 350 N.Y.S.2d 106 (Monroe County Ct.1973). Secondly, it is by this time well established that subsequent indictment is not barred even when the Magistrate conducts the preliminary hearing and decides that insufficient probable cause exists for binding the accused over for trial in district court. *United States v. Kysar*, 459 F.2d 422 (10th Cir. 1972); see *People v. Brown*, 16 Ill.App.3d 692, 306 N.E.2d 561 (1973). Thus, the Rules Governing Criminal Actions in Magistrate Court, supra, are inapplicable in the instant case, and the prosecutor's failure to move under them is of no consequence.

 (2) Defendants next contend that the prosecution by indictment, following magistrate dismissal of the complaint for failure of the prosecution to appear at the preliminary hearing, constitutes a violation of their constitutional rights. The Order Quashing Indictment reads in pertinent part as follows:

"That the failure of the State to proceed to preliminary hearing at the time and date scheduled and the obtaining of a subsequent indictment constitutes a violation of the rules of procedure established by the Supreme Court of the State of New Mexico for the handling of criminal cases of this nature, in particular *Rule 20 of the New Mexico Rules of Criminal Procedure* [§§ 41–23–1 through 41–23–55, N.M.S.A.1953 (Repl.Vol. 6, Supp.1973)] and Rules 21, 25, 26 and 31 of the * * * [Rules for Criminal Actions in Magistrate Courts, supra], and Article II, Section 14, of the New Mexico Constitution, [N.M.S.A.1953 (Repl.Vol. 1)], and it is further in violation of the rights of the defendants as guaranteed to them under the Constitutions and laws of the State of New Mexico and the United States, and ac-

cordingly, the indictment should be quashed." [Emphasis ours.]

The operative portion of the order is italicized. Article II, Section 14, supra, together with R.Crim.P. 20(d), supra, require that where the prosecution has been initiated by criminal complaint or by information, a preliminary hearing must be held within 20 days of the accused's initial appearance and plea if the accused is not being held in custody. There exists, however, no absolute right to a preliminary hearing and Article II, Section 14, supra, leaves it in the discretion of the prosecutor to proceed by indictment and thus to obviate the requirement of preliminary examination. *State v. Burk*, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971). The constitutional alternatives set forth protect an accused from being charged except upon probable cause. We doubt, however, that the District Attorney's failure to appear for the preliminary hearing can be elevated to a deprivation of any constitutional right, simply because a preliminary hearing is not a trial on the merits and no jeopardy attaches thereat. *City of St. Paul v. Hurd*, Minn., 216 N.W.2d 259 (1974). We are left, then, with defendants' claim that in failing to afford them a preliminary hearing pursuant to R.Crim.P. 20, supra, the State violated their fundamental right to be treated fairly and without caprice. Compare *Burdeau v. McDowell*, 256 U.S. 465, 41 S.Ct. 574, 65 L.Ed. 1048 (1921). We acknowledge that in proceeding as it did, the Bernalillo County District Attorney's Office clearly violated R.Crim.P. 20, supra, but again we do not view the violation as a violation of any of defendants' constitutional rights. *City of St. Paul v. Hurd*, supra. The question we must answer is whether it was error for the District Court to dismiss the prosecution for that violation.

R.Crim.P. 33, supra, reads in pertinent part as follows:

"(e) * * * The following defenses or objections must be raised prior to trial: (1) Defenses and objections based

on defects in the initiation of the prosecution; or (2) Defenses and objections based on defects in the complaint, indictment or information other than a failure to show jurisdiction * * *. If any such objection or defense is sustained and is not otherwise remediable, the court shall order the complaint, indictment or information dismissed."

We believe that in the present case, the defect resulting from the District Attorney's failure to appear at the preliminary hearing was remediable. Compare Rule 31, of the Rules Governing Appeals, § 21–12–31, N.M.S.A.1953 (Interim Supp.1974), which specifically empowers the appellate courts to dismiss actions for rule violations, whether or not the effect of the violation is remediable.

Because there was no indictment presented before the lapse of the twenty day period set forth in R.Crim.P. 20, supra, and as applicable to these unincarcerated defendants, their entitlement to a preliminary examination was not mooted. See United States v. Green, 305 F.Supp. 125 (S.D.N.Y.1969); State v. Burk, supra. In addition to preventing deprivations of liberty without probable cause, the preliminary hearing serves other purposes as well.

"[At the preliminary hearing] [t]he defendant is entitled to have counsel present even if he cannot afford an attorney; the government's witnesses are subject to cross-examination; the defendant has the right to present evidence and to subpoena witnesses. * * * He may obtain a transcript whether or not he has the funds to pay for it. * * *

* * * * * *

"[On the other hand] * * * evidence introduced before the Grand Jury need not be admissible at a trial. The defendant cannot be present while evidence against him is received. If he appears, he is not permitted to have counsel with him. He has no opportunity to cross-examine witnesses * * *."
United States, ex rel. Wheeler v. Flood,

269 F.Supp. 194 (E.D.N.Y.1967). [Citations Omitted.]

While the purpose of establishing probable cause is served by presentment of an indictment, the other purposes are not. For the prosecution to be able to void those purposes and eliminate the accused's claim to them, the indictment must be returned before expiration of the 20 day period set out in R.Crim.P. 20, supra. State v. Sexton, 82 N.M. 648, 485 P.2d 982 (Ct. App.1971). The problem we must face, then, is whether the District Court erred in quashing the indictment and terminating the prosecution. R.Crim.P. 33, supra, provides the answer: "(c) * * * Upon motion and for cause shown, the court may remand the case for a preliminary examination." To be sure, the District Court's Order Quashing Indictment was a necessary first step in fashioning a remedy in these circumstances. Unless the indictment had been quashed, remand for a preliminary hearing could result in an anomaly: the Magistrate might determine a lack of probable cause after the preliminary hearing; but the outstanding indictment would serve as an irreconcilable challenge to that determination. Where the District Court erred in this case was in not remanding the matter to the Magistrate for a preliminary hearing on the criminal complaint.

Therefore, we hold that once the state has chosen to initiate prosecution by a method that entitles a defendant to a preliminary examination and does not obviate the preliminary examination by indictment prior to the lapse of ten days if the defendant is in custody or twenty days if the defendant is not in custody, the decision as to whether or not to have a preliminary examination is defendants'. United States ex rel. Wheeler v. Flood, supra.

(3) Since we decide this case on the basis of the Rules of Criminal Procedure, supra, discussion of the State's third point on appeal is not required.

The Order Quashing Indictment is affirmed. The cause is remanded to the trial court with instructions to reinstate it upon

its calendar. Defendants may have a preliminary hearing on the criminal complaint if they still so desire.

It is so ordered.

HENDLEY, J., concurs.

LOPEZ, J., dissents.

LOPEZ, Judge (dissenting).

I think the District Court erred in concluding (1) that the magistrate's dismissal barred subsequent indictment, and (2) that the indictment was barred by Constitutions and/or rules.

(1) Article II, § 14 of the New Mexico Constitution permits criminal prosecution pursuant to information or indictment. Defendants in this case were brought to Magistrate Court on an *information*. A preliminary hearing is required in this situation and under the facts of this case. Section 36–21–25(b), supra. It was not and could not have been held simply because the prosecutor did not appear. This, and the subsequent discharge, had zero effect on the indictment later procured for use in District Court. Pearce v. Cox, 354 F.2d 884 (10th Cir. 1965).

The Rules Governing Criminal Actions in Magistrate Courts are always applicable in Magistrate Courts. The magistrate followed his rules and properly discharged the information. This case is on appeal from the District Court, an appeal taken by the State. The action of the District Court was to quash an indictment brought after the information was dismissed. The District Court's act of quashing the indictment indicates a belief in that court that a magistrate's dismissal somehow forecloses the probability-finding function of the grand jury. This simply is not so. State v. Burk, supra.

(2) The bringing of the indictment in this case was in no way barred by either State or Federal Constitution or by rules of these courts.

Defendants have no constitutional right to a preliminary hearing. Williams v. Sanders, 80 N.M. 619, 459 P.2d 145 (1969); Woods v. State, 84 N.M. 248, 501 P.2d 692 (Ct.App.1972). Defendants have no right at all to a preliminary hearing following indictment. State v. Ergenbright, 84 N.M. 662, 506 P.2d 1209 (1973); State v. Salazar, 81 N.M. 512, 469 P.2d 157 (Ct.App.1970). Therefore, the indictment was not barred by any constitutional provision, as the majority appears to similarly conclude.

The indictment, moreover, is not barred by any rules. Even assuming, arguendo, the existence of a violation of § 41–23–20, supra, at the Magistrate Court level, the Rules of Criminal Procedure for the District Courts do not provide for the quashing of the subsequent indictment as a necessary or logical remedy.

The effect of the majority's decision on appeal is to allow the District Court to quash an indictment, somehow retain jurisdiction of the subject, somehow hold the case open for a preliminary hearing, and somehow allow the hearer to make a finding of probable cause which might be adverse to the finding of the grand jury.

The reason for this state of affairs appears to be a desire on the part of the majority to prevent harrassment of defendants by the prosecutor's use of a double procedure: quasi-information and actual, but delayed, indictment. The purpose is laudable, but the means applied are questionable. Misapplication of the various rules involved in this appeal will only lead to confusion in the already complex criminal process. There is an adequate remedy available for a court which is understandably displeased at the prosecutor's actions, namely a contempt proceeding under § 41–23–52, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). The result of this decision creates a new, expensive, time-consuming remedy which serves no purpose.

The majority argues that "other purposes" are served by the preliminary hearing besides the determination of probable cause. This is true neither in New Mexico, nor in all Federal courts (United States, ex rel. Wheeler v. Flood, supra,

notwithstanding). State v. Burk, supra; United States v. Foster, 440 F.2d 390 (7th Cir. 1971); United States v. Hasiwar, 299 F.Supp. 1053 (S.D.N.Y.1969). Discovery is in no way a necessary goal of the preliminary hearing and especially need not be in this state, where a clear policy in favor of discovery is promoted by other methods. See especially § 41–23–9, N.M.S.A.1953 (2d Repl.Vol. 6, Supp.1973). The defendants in this case were not prejudiced by a denial of a preliminary hearing. The indictment was not barred by any rules of New Mexico courts.

Finally, I note some confusion on the part of the majority as to who is appealing. (See the majority's part (2).) The State is the appellant. I agree with the State that the District Court erred in quashing the indictment. I would reverse the decision of the District Court and would order the case set on that court's docket, with no requirement for a preliminary hearing.