537 P.2d 1387

**STATE of New Mexico, Petitioner,**

**v.**

**Ronald PEAVLER and John Casaus, Respondents.**

**Ronald PEAVLER and John Casaus, Petitioners,**

**v.**

**STATE of New Mexico, Respondent.**

**Nos. 10454 and 10493.**

Supreme Court of New Mexico.

July 2, 1975.

James L. Brandenburg, Dist. Atty., James F. Blackmer, Asst. Dist. Atty., Albuquerque, for petitioner No. 10454.

Freedman & Boyd, Albuquerque, for petitioners No. 10493.

Marchiondo & Berry, Roy Anuskewicz, Jr., Albuquerque, for respondents No. 10454.

Toney Anaya, Atty. Gen., Santa Fe, for respondent No. 10493.

## OPINION

STEPHENSON, Justice.

The District Court of the Second Judicial District dismissed an indictment charging possession, unlawful distribution and conspiracy to distribute marijuana upon motion of the defendants. The State appealed.

The Court of Appeals affirmed the dismissal of the indictment but directed the district court to see to it that a preliminary hearing be granted the defendants in magistrate court. State v. Peavler and Casaus, (filed April 9, 1975), 87 N.M. 443, 535 P. 2d 650 (Ct.App.1975). We refer to the majority opinion of the Court of Appeals for a statement of the procedural background of the case.

The State petitioned for certiorari which we granted. We now reverse the Court of Appeals and the district court.

■ We agree with the opinion of the majority of the Court of Appeals insofar as it held that the prosecutor's failure to proceed under the Rules Governing Criminal Actions in Magistrate Court is of no moment and that the failure of the district attorney to appear for the preliminary hearing cannot be elevated to a deprivation of any constitutional right. However, we are in fundamental disagreement with the ultimate result of the majority opinion of the Court of Appeals and with the reasoning by which it was reached.

■ The Court of Appeals reasoned and we agree that the dismissal of a felony charge by a magistrate does not result in an acquittal because the magistrate court has no jurisdiction to try felony charges. § 36–3–4, N.M.S.A., 1953 (Supp.1973). Consequently, a subsequent indictment is not barred even if the magistrate determines in a preliminary hearing that there is no probable cause to bind over for trial in the district court. United States v. Kysar, 459 F.2d 422 (10th Cir. 1972). Moreover, since the magistrate court has no jurisdiction to try felony charges, no double jeopardy problem can arise.

■■ We also agree that the State can choose whether to proceed by indictment or information. State v. Burk, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971), cert. denied, 404 U.S. 955, 92 S.Ct. 309, 30 L.Ed.2d 271 (1971). If the State chooses to proceed by indictment, the defendant has no right to a preliminary hearing. N.M. Const. art. II, § 14. This is true despite the fact that proceedings against the defendant are initiated by a criminal complaint in magistrate court. State v. Ergenbright, 84 N.M. 662, 506 P.2d 1209 (1973).

■ The Court of Appeals, however, granted the defendants a preliminary hearing, presumably because the State had not

brought an indictment within the time limits set forth in N.M.R.Crim.P. 20.[1] This is clearly error. Rule 20 only applies to preliminary hearings, not to indictments.

 Therefore, when the magistrate discharged the criminal complaint, any rights the defendants had to a preliminary hearing were extinguished. State v. Burk, supra. The slate was clean. A subsequent indictment would be valid and also timely if brought within the statute of limitations.

The Rules of Criminal Procedure for the Magistrate Courts effective October 1, 1974, were not in force when this case arose. N.M.R.Crim.P. for Magistrate Courts 15(d) provides in part:

"* * *. Failure to comply with the time limits set forth in this paragraph shall not affect the validity of any indictment for the same criminal offense."

This rule codifies what we hold today.

The defendants petitioned for certiorari, asserting the violation of their rights under the Fourth and Fourteenth Amendments to the Constitution of the United States. Inasmuch as we had granted certiorari on the petition of the State, we granted defendants' petition as a matter of course. Upon further consideration, we are of the opinion that the writ of certiorari upon defendants' petition was improvidently issued, and it is hereby quashed.

The Court of Appeals is reversed. The district court order dismissing the indictment is reversed. The case is remanded to the District Court of the Second Judicial District with instructions to set aside its order of dismissal, reinstate the indictment and proceed in the manner prescribed by law. All time deadlines arising under the Rules of Criminal Procedure, including Rule 37,[2] are tolled for the period commencing with the filing of defendants' mo-

tions in district court and ending on the date of our mandate.

We scarcely need add that no preliminary hearing need be held.

It is so ordered.

McMANUS, C. J., and OMAN and MONTOYA, JJ., concur.

---

1. § 41–23–20(d), N.M.S.A., 1953 (Supp. 1973).

2. § 41–23–37, N.M.S.A., 1953 (Supp.1973).