698 P.2d 911

**STATE of New Mexico, Plaintiff-Appellant,**

v.

**The Honorable Fred C. DE LA O, Magistrate, Luna County, Defendant-Appellee.**

**No. 7976.**

Court of Appeals of New Mexico.

March 5, 1985.

Certiorari Denied April 12, 1985.

Paul G. Bardacke, Atty. Gen., William McEuen, Ass't Atty. Gen., Santa Fe, for plaintiff-appellant.

Henry R. Quintero, Foy, Foy & Jollensten, P.A., Silver City, for defendant-appellee.

## OPINION

BIVINS, Judge.

The district attorney of the sixth judicial district petitioned the district court for a writ of mandamus directing the magistrate judge of Luna County to allow the district attorney to file a second criminal complaint against Curtis Wayne Myers. Without issuing a writ, either alternative or peremptory, NMSA 1978, Section 44–2–6, the district court entered an order denying the petition. From that order, the state appeals. *See* NMSA 1978, § 44–2–14.

The issue presented requires that we determine whether a magistrate, who has previously heard evidence under an original criminal complaint and has found no probable cause, has a discretionary right to refuse the filing of a second complaint. We hold he does not and reverse.

## FACTS

Following an investigation a criminal complaint was filed against Mr. Myers charging him with larceny over $100 but less than $2,500, NMSA 1978, Section 30–16–1 (Repl.Pamp.1984), or in the alternative, with receiving stolen property of over $100 but less than $2,500, NMSA 1978, Section 30–16–11(A) and (E) (Repl.Pamp. 1984), both of which are felonies. After conducting a preliminary hearing, the magistrate found no probable cause and released the defendant. NMSA 1978, Magis. Crim.R. 16 (Repl.Pamp.1981). After discussing this action with the assistant district attorney, the investigating officer believed the case should be pursued, but the magistrate refused the filing of a second complaint. According to an affidavit of the investigating officer attached to the petition for mandamus, the magistrate said that "he would recuse himself from hearing the complaint if he allowed it to be filed, but unless [the officer] showed him new evidence that was not already presented to him, that he would not allow it to be filed even though he would not be the judge hearing it." The petition for writ of mandamus followed.

1. **Did the district court err in denying the petition?**

The state does not challenge procedurally the right of the district court to deny the petition without first issuing a writ; it addresses the merits of the issue. We assume, as do the parties, that the district court, based on the petition and accompanying affidavit, determined it clear that the magistrate had a discretionary right to refuse the filing of the second complaint. The order denying the petition states that the magistrate "has previously heard the testimony and evidence upon the same complaint and has found no probable cause, and the petition should be denied."

A determination as to whether a magistrate has a discretionary right to refuse a criminal complaint requires an examination of the authority of the magistrate in felony criminal cases. The magistrate court is a court of limited jurisdiction. N.M. Const. art. VI, § 26; NMSA 1978, § 35–1–1. "The reference to 'limited' jurisdiction indicates that a magistrate is without authority to take action unless authority is affirmatively granted by the constitu-

tion or statutory provision." *State v. Ramirez*, 97 N.M. 125, 126, 637 P.2d 556 (1981) (citation omitted). Therefore, under what authority could the magistrate here refuse the filing of a criminal complaint?

■ The complaint charged a felony. A magistrate has no jurisdiction to try felonies. NMSA 1978, § 35–3–4 (Cum.Supp. 1984); *State v. Peavler*, 87 N.M. 443, 535 P.2d 650 (Ct.App.), *rev'd on other grounds*, 88 N.M. 125, 537 P.2d 1387 (1975). Thus, in criminal cases beyond the jurisdiction of magistrates, such as felonies, while the magistrate does not have authority to try the cases on the merits, it does have jurisdiction to hold preliminary hearings. *McCormick v. Francoeur*, 100 N.M. 560, 673 P.2d 1293 (1983). With or without a preliminary examination, the magistrate in any criminal action beyond its jurisdiction may only "commit to jail, discharge or recognize the defendant to appear before the district court as provided by law." Section 35–3–4(C).

■ The discharge of defendant by the magistrate in felony cases does not amount to an acquittal, nor does it prevent the district attorney from again charging defendant. As stated by the supreme court in *Peavler:*

[A] subsequent indictment is not barred even if the magistrate determines in a preliminary hearing that there is no probable cause to bind over for trial in the district court. *United States v. Kysar*, 459 F.2d 422 (10th Cir.1972). Moreover, since the magistrate court has no jurisdiction to try felony charges, no double jeopardy problem can arise.

88 N.M. at 126, 537 P.2d 1387.

■ And the state may choose whether to proceed by indictment or information. *Peavler; State v. Burk*, 82 N.M. 466, 483 P.2d 940 (Ct.App.1971), *cert. denied*, 404 U.S. 955, 92 S.Ct. 309, 30 L.Ed.2d 271 (1971). Thus, it follows that if the state decides to proceed by again filing a criminal complaint, the magistrate has no right to refuse the filing. *See State v. Turner*, 223 Kan. 707, 576 P.2d 644 (1978); *State v. Gellis*, 375 So.2d 885 (Fla.App.1979).

■ The Rules of Criminal Procedure for the Magistrate Courts accord with this conclusion. NMSA 1978, Magis.Crim.Rule 4(a) (Repl.Pamp.1981) provides that a criminal action is commenced by filing with the court a complaint. A complaint shall not be deemed invalid, nor stayed, because of defect, error or omission which does not prejudice defendant. NMSA 1978, Magis. Crim.R. 5(a) (Repl.Pamp.1981). The rules governing magistrates are to be liberally construed to secure the just, speedy and inexpensive determination of every magistrate action, but shall not be construed to extend or limit the jurisdiction of any court, or to abridge, enlarge or modify the substantive rights of any litigant. NMSA 1978, Magis.Crim.R. 1(b) (Repl.Pamp.1981).

The defendant here, Magistrate De La O, argues that "[a]ll New Mexico magistrates have been instructed that they are not mere rubber stamps and do have the authority to refuse a complaint," relying on *New Mexico Magistrate Benchbook*, Section 2.1–2A(8) (Rev.1984). Specifically, the defendant cites to the following provision:

8. If the judge determines that *the complaint* is not satisfactory as to form and jurisdiction or *does not establish probable cause*, the judge refuses to accept the complaint but may:
a. allow the complainant to file an amended complaint which overcomes the deficiencies; or
b. allow the complainant or another to file an additional affidavit to support the complaint. (The affidavit for arrest warrant may be used for this purpose. If the complaint, as amended or supplemented, is adequate, the judge accepts it.) (Emphasis added.)

Even if the benchbook could be said to represent legal authority, defendant's reference is misplaced. The paragraph quoted has to do with the lack of probable cause set out in the complaint or affidavit; here we are concerned not with any defect in the form of the complaint, only with the

evidence as adduced at the preliminary hearing.

 While no contention has been made that the attempted filing of the second complaint here was due to prosecutorial vindicativeness or harassment, defendant suggests that to allow repeated filings against the same person until the magistrate succumbed to the whim of the district attorney would be to condone such actions. Defendant says the prosecutor could then pick the people he thinks he should get, rather than pick the cases that should be prosecuted. We agree that it is necessary to have some means of preventing that type of conduct. *See United States ex rel. Rutz v. Levy*, 268 U.S. 390, 45 S.Ct. 516, 69 L.Ed. 1010 (1925). We believe application to the district court for injunctive relief provides an adequate remedy to prevent such conduct. *State v. Turner.*

The magistrate here had a non-discretionary duty to accept and file the second criminal complaint, and the district court erred in denying the petition for a writ of mandamus. The district attorney had no adequate remedy at law, NMSA 1978, Section 44–2–5; thus, the writ should have issued.

### 2. Conclusion.

Accordingly, we set aside the order denying the petition, and remand with directions to issue a writ of peremptory mandamus to the magistrate ordering him to allow the filing of the second complaint. No costs are assessed.

IT IS SO ORDERED.

WOOD and NEAL, JJ., concur.